Michael McEwen, by his Next Friend, Bernard Morrison, Appellant, *v.* Barton Hoopes, Clement R. Hoopes, Barton Hoopes, Jr., and Dawson Hoopes, trading as Hoopes & Townsend.

*Negligence—Master and servant—Infant—Dangerous machine—Cleaning machine in motion.*

In an action by a boy fifteen years and four months old against his employers to recover damages for personal injuries, the direction of a verdict for defendants by the court is proper where the testimony shows that plaintiff was injured while cleaning a dangerous machine when it was in motion; that notices were posted in all parts of the factory that "machinery must not be cleaned while in motion;" and where the evidence further shows the admission of plaintiff that he knew that it was against the rules of the establishment to clean the machine while it was in motion.

Argued April 9, 1896.   Appeal, No. 236, Jan. T., 1896, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1893,

No. 554, on verdict for defendants. Before STERRETT, C. J., GREEN, WILLIAMS, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before THAYER, P. J.

At the trial it appeared that in November, 1892, plaintiff was employed by defendants to run and keep clean a machine for punching keys. Plaintiff was at the time fifteen years and four months old. The machine at which he worked had two cog wheels and a pulley. Power was communicated to it by a belt from the machine shaft. There was an automatic shifter which by a motion of the hand shifted the belt, thereby stopping or starting the machine with ease. In all parts of the factory large placards were posted setting forth the rules of the establishment. Under the word "Rules" was printed in conspicuous red letters the following words: "Machinery must not be cleaned while in motion."

The evidence tended to show that the plaintiff admitted that he knew that the rules forbade the cleaning of machinery while in motion. Plaintiff claimed that he had not been instructed in the use of the machine, or in the danger of attempting to clean it while in motion.

The court charged in part as follows:

The testimony in this case is overwhelming, in my opinion, that the plaintiff's accident was due entirely to his own negligence. He undertook to clean a machine dangerous in its character while it was in active operation, a thing which no man with common sense ought to have done. He had no more right to put his hand into that machine while it was in motion than he had to put it into the mouth of a lion.

Although under age, he was old enough to understand the consequences of such an act. Any man having arrived at that age is presumed to know enough to keep his hands out of machinery which is in motion, and it was not necessary for anybody to instruct him to do that.

He ought to have known it, and there is evidence in the case that he admitted that he knew it. Therefore, even if you should find that he was not instructed that it would be dangerous to put his hands into a machine like this while it was in motion,

it would be no answer to the manifest negligence of the plaintiff, which has been fully proved.

Moreover, it has been shown that there were notices all about this establishment that the employees should not do this very thing. It was contrary to the printed rules of the establishment for him to do it. These notices confronted him everywhere on the premises. They were on every floor of the building. They looked at him from huge signs which were hung upon the sides of the room; they stared him in the face at the very window where he went twice a day to get his checks, and it is not sufficient for him to say that he did not read those rules. It was his business to read them, and that of itself was a gross neglect in going into such an establishment and seeing these rules all around him and paying no attention to them whatever. These rules expressly forbade any employee in this factory from attempting to clean a machine while it was in motion. It was his business to know these rules which were posted before his eyes almost everywhere, and it was a piece of neglect on his part if he did not, as he says, read these rules.

So that in whatever aspect of the case you view it, it is impossible to escape the conclusion that this accident—however much it is to be deplored, however much the plaintiff is to be sympathized with in suffering from it—was, in point of fact, due to his own negligence. It would be simply adding injustice to misfortune if you were to undertake to visit the consequences of the plaintiff's own negligence upon innocent parties. Therefore my opinion is that you ought to find a verdict for the defendants.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was above instruction.

*John Cromwell Bell, A. Atwood Grace* and *George W. Mc-Pherran* with him, for appellant, cited on the question of negligence: Baker v. Irish, 172 Pa. 528; Rummel v. Dilworth, 131 Pa. 520; Lebbering v. Struthers, Wells & Co., 157 Pa. 323; Tagg v. McGeorge, 32 W. N. C. 317; Ross v. Walker, 27 W. N. C. 165; Kehler v. Schwenk, 151 Pa. 505; on the question of contributory negligence: Wagner v. Chemical Co., 147 Pa. 478; Wagner v. Jayne Chemical Co., 147 Pa. 478.

*John G. Johnson, John H. Chestnut* with him, for appellees.— The appellant, in cleaning the machine unnecessarily while it was in motion, subjected himself to an obvious danger for which the appellees are not responsible.

In Kehler v. Schwenk, 151 Pa. 505, the employee was a boy of small size who was compelled, without warning, to perform a duty which was dangerous.

In Rummel v. Dilworth, 131 Pa. 521, the duty incumbent upon the employee could only be performed by subjecting himself to a danger which was not obvious. The same remark applies to Wagner v. Chemical Co., 147 Pa. 478.

The appellees performed their entire duty in the way of warning against cleaning machinery while in motion.

PER CURIAM, April 27, 1896:

It is contended on behalf of the plaintiff that the learned trial judge erred in not submitting this case to the jury on the testimony before them; but, our consideration of the evidence has led us to the conclusion that, if the case had been thus submitted, and the jury had found for the plaintiff, a sense of duty would have constrained the court below to set the verdict aside, especially on the ground that there was no sufficient evidence of the alleged negligence of the defendants. That being so, according to the recognized legal test in such cases, there was no error in directing a verdict in favor of the defendants.

There is nothing in either of the assignments of error that requires further discussion.

Judgment affirmed.