# Pflaum, Appellant, *v.* Jones & Laughlin Steel Company.

*Negligence—Master and servant—Oiling machine in motion—Contributory negligence.*

An employer will not be held liable for the death of a boy eighteen years old while, oiling a machine in motion, where it appears that the deceased had worked at the same character of employment for two years, and was thoroughly familiar with the operation and care of the machine; that he had been instructed not to oil the machine while it was in motion; that in spite of instructions he climbed up on the frame work of the machine four feet from the ground, to get to the oil cups which were seven feet inside the frame, and while so doing was caught into the mesh of two cogwheels and killed.

In such a case the employer cannot be charged with negligence in not maintaining an artificial guardrail at the place, inasmuch as such rail would not have given the deceased any additional notice of the danger, which was open and apparent to any one.

Argued May 1, 1917.  Appeal, No. 128, April T., 1917, by plaintiff, from judgment of C. P. Allegheny Co., Nov. T., 1910, No. 327, for defendant n. o. v. in case of William Pflaum and Louise Pflaum, his wife, v. Jones & Laughlin Steel Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Affirmed.

Trespass to recover damages for the death of plaintiffs' minor son.  Before MACFARLANE, J.

At the trial it appeared that Paul Pflaum, plaintiffs' son was killed on September 28, 1909, while he was at work in the engine room of the defendants' coal hoist. The circumstances of the accident are stated in the opinion of the Superior Court.  The jury returned a verdict for plaintiffs for $1,060.25.  Subsequently the court entered judgment for defendant n. o. v.

Assignment of Error—Opinion of the Court.  [67 Pa. Superior Ct.

*Error assigned* was in entering judgment for defendant n. o. v.

*James T. Buchanan,* with him *Grote & Grote,* for appellants.

*William A. Challener,* with him *Clarence Burleigh,* for appellee.

OPINION BY ORLADY, P. J., July 13, 1917:

The plaintiffs recovered a verdict in the court below, which was set aside on defendant's motion and a judgment was entered non obstante veredicto. The son of the plaintiffs was killed by being drawn into the mesh of two cogwheels while he was oiling the bearings of a machine when it was in motion. He was eighteen years of age, had worked at the same character of employment for two years, and was thoroughly familiar with the operation and care of the machine. It is conceded that he met his death in attempting to do a specially dangerous thing while the machine was in motion; that he had full control of the operation of the machine, which could have been easily stopped by his throwing a lever as he had frequently done. Had these precautions been observed by him the special act he intended to perform would have been free from all risk. He had been instructed not to oil the machine while it was in motion. Two ways of doing the act were open to him,—one a perfectly safe one, by stopping the machine, the other an admittedly dangerous one. He elected to run the risk of losing his life by not adopting the safe method, and by acting in an extremely reckless and foolhardy way.

"As said in McEwen v. Hoopes, 175 Pa. 237; "He undertook to clean the machine, dangerous in its character, while it was in active operation, a thing which no man with common sense ought to have done. He had no more right to put his hand to that machine while it was in motion than to put it into the mouth of a lion. Although

under age, he was old enough to understand the consequence of his act."

Under the admitted facts of the case the alleged negligence of the defendant was not the proximate cause of this accident.  The machine was so arranged as to be safely operated by a discreet operator, and no guard-rail protection was necessary to advise the operator of the danger incident to his crawling up on the machine for the purpose of oiling the shaft, while it was in motion. He climbed up on the framework of the machine, which was four feet above the level of the ground, to get to the oil cups, and these were seven feet inside the frame, so that he could not reach these oil cups with a long spouted oiler.  The fact that he had done this extra hazardous act before, and had not been injured did not justify a repetition of the manifest risk.  An artificial guard-rail at this place would not have given him any additional notice of the danger, as it was open and apparent to any one.  This young man so recklessly disregarded the ordinary caution in doing the work with which he was familiar, that the defendant should not be responsible in damages for his carelessness.

The assignments of error are overruled, and the judgment of the court below is affirmed.