## Keystone Cycle Company v. Frank B. Jones, Appellant.

*Appeal—Harmless error not reversible.*

The appellate court will not reverse for an error which could have done no harm.

An assignment will not be sustained to the admission of a certain letter in evidence which, whether technically admissible or not, could not possibly have harmed the defendant in that it had reference by way of explanation to credits claimed by defendant and admitted by plaintiff.

*Appeal—Defective assignment—Rules of court.*

An assignment is defective which, assigning error to the admission of a certain letter, does not set forth a copy thereof as required by Rule 17.

Argued Oct. 11, 1899.   Appeal, No. 122, Oct. T., 1899, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1897, No. 123, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by SMITH, J.

Assumpsit to recover alleged balance for bicycles sold defendant by plaintiff.   Before McCARTHY, J.

By an affidavit of defense to the statement filed in this case judgment had been taken on an amount admitted to be due on a balance and claim reduced to $350.20.   Defendant claimed a further credit of $120, which was allowed by the court, reducing the balance, exclusive of interest, to $230.20.

At the trial it appears that the plaintiff offered in evidence a letter to Snow, Church & Co., its collection agency, containing what was alleged to be a transcript of its books, showing the credits which it had allowed defendant as commissions upon bicycles sold by him.   There was evidence tending to show that this letter was dictated to a stenographer from the books of the plaintiff company by one of its officers, not the bookkeeper, who testified that it had never been compared with the original. There was also evidence tending to show that between the time of the bringing of the suit and after the letter was written, the books of the plaintiff company had been destroyed by fire. Against defendant's objection this testimony was admitted and read to the jury, to which ruling appellant duly had an exception noted.

Verdict and judgment for plaintiff for $221.80.   Defendant appealed.

*Errors assigned* were (1) in admitting in evidence the letter written by plaintiff, dated January 24, 1898, to Snow, Church & Company, its collection agency.   (2) In the admission of the alleged dictated copy of the books, showing credit of commissions allowed defendant by plaintiff.

*William A. Carr*, with him *W. Horace Hepburn*, for appellant. —The precise question raised in this case was raised in the case of Summers v. McKim, 12 S. & R. 405.   See also Morse v. Potter, 70 Mass. 292, and Oberg v. Breen, 50 N. J. L. Rep. 145.

*Francis G. Taylor*, for appellee.

OPINION BY SMITH, J., December 13, 1899:

The issue in this case involves only the credits to which the defendant was entitled. As we gather from the record of the trial, including the charge, the plaintiff claimed, in gross, $800.70. In reduction of this he admitted credits for commissions and other matters aggregating $274.50. The defendant admitted a balance due plaintiff of $176, for which judgment was tendered and taken. This reduced the balance claimed by the plaintiff to $350.20. The defendant claimed a further credit for $120, which was allowed by the court, reducing the balance, exclusive of interest, to $230.20. The plaintiff obtained a verdict for $221.80.

A letter from the treasurer of the plaintiff company to a collection agency, containing a transcript from the company's books, of part of its account with the defendant, was offered in evidence by the plaintiff, and received under objection. This letter had been dictated by the treasurer, from entries in the books, but was not compared by him with those entries. The books having been burned before the trial, the letter was offered as secondary evidence. Its admission is the only matter embraced in the assignment of error.

The assignment is defective, in not containing a copy of this letter, as required by Rule 17. We might therefore justly dismiss it on this ground alone. Further, so far as can be determined from the paper-books, it appears to be without merit. The letter merely exhibits the items that make up the aggregate credit for commissions allowed by the plaintiff. Neither the declaration nor the affidavit of defense is printed in the paper-books; hence we cannot determine from these what was claimed or allowed by the plaintiff, or what was denied or admitted by the defendant. On trial the defendant raised no question respecting any of the items for which he was credited by the plaintiff, though testifying to other items of commission for which he claimed credit. Nowhere, therefore, does there appear any denial by the defendant of the correctness of the credits thus allowed by the plaintiff and itemized in the letter. In the absence of such denial, it must be assumed that these credits were correct. The letter was, at

most, merely explanatory of an admission already made by the plaintiff, in the interest of the defendant, without in any manner qualifying that admission in the plaintiff's favor. With or without the letter the aggregate credit allowed by the plaintiff, without dissent by the defendant, stood unquestioned. The only controversy related to credits which the plaintiff had not allowed. Therefore, whether the letter was technically admissible or not, its admission could not possibly have harmed the defendant. As we do not reverse for an error which could have done no injury, the assignment must be dismissed.

Judgment affirmed.