## R. & W. Jenkinson Company, Appellant, *v.* Eggers.

*Appeals—Evidence—Assignments of error.*

An assignment of error to the rejection of a paper offered in evidence fails to comply with the rules, if the paper is not printed in connection with the assignment.

*Promissory notes—Protest—Waiver—Evidence.*

The fact that an endorser of a promissory note, who was not notified of the dishonor of the note, has endorsed another note on the same day that the first note became due, and for an amount equal to the unpaid balance due on the first note, is not evidence to show a waiver of protest, in the absence of any proof that the endorser knew for what purpose the second note was intended.

Argued April 10, 1905.   Appeal, No. 21, April T., 1905, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1902, No. 264, on verdict for defendant in case of the R. & W. Jenkinson Company v. Hannah Eggers.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit on a promissory note.   Before McCLUNG, J.
The facts are stated in the opinion of the Superior Court.
Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* is quoted in full in the opinion of the Superior Court.

*H. G. Wasson,* for appellant, cited : Act of May 16, 1901, P. L. 194 ; Jenkins v. White, 147 Pa. 303.

*Ed. G. Hartje,* for appellee, cited : Com. v. Johnston, 5 Pa. Superior Ct. 585.

OPINION BY MORRISON, J. May 17, 1905 :

On January 6, 1902, F. W. Eggers made his promissory note to the order of Hannah Eggers, his mother, appellee, for the sum of $500, payable in sixty days.   This note was indorsed for accomodation by the appellee and in due course for

value came into the hands of the plaintiff. It was not paid when due and went to protest. Shortly thereafter, F. W. Eggers paid on account of the note $250, and tendered a new note for the balance, dated the day of maturity of the first note, signed by himself, made to the order of the appellee and by her indorsed. The latter note, however, was not ac-cepted and the present suit was brought to recover the balance due on the first note.

The appellee, defendant, did not receive notice of protest of the $500 note and the jury found, under proper instructions, that the notice sent out by the notary had not been properly addressed, and that the notary had not exercised reasonable diligence in finding the proper address. The verdict was in favor of the appellee.

Upon this branch of the case the learned counsel for the appellant, in the first sentence of his argument, says : " Consider-ing the evidence before the jury in this case, it is perhaps not too much to say that the learned trial judge should have given binding instructions for the defendant."

This brings us to the only question in the case upon which the counsel for the appellant contends the learned court erred, and this is raised by the first assignment of error, to wit : " Counsel for plaintiff proposes to prove by the witness on the stand and the 'exhibit' (being the note of Frederick W. Eggers to the order of Hannah Eggers, dated February 5, 1902, for $250, and indorsed by Hannah Eggers), for the purpose of showing that the defendant had notice of dishonor of the note in suit, that subsequent to the 5th day of February the sum of $250 was paid on account of note in suit and a new note with the indorsement of Mrs. Hannah Eggers ten-dered to take care of the obligation past due." " Objected to as incompetent and irrelevant." " By the Court: If the plain-tiff will undertake to show that the defendant acted in any way to indicate an acknowledgment of her liability after the protest of this note, I will admit it. If he will undertake to show that she offered this note or paid this money I will admit it, or that it was done with her knowledge and assent; but the fact that a note which, if it has any connection with this transaction at all, was given on the day when this note became due and pre-sumably without knowledge of such transactions, before the

protest, is not evidence to show that she waived notice of this protest.  The objection is sustained."  .

" To which ruling counsel for plaintiff requests an exception.  Exception allowed and bill sealed."

This assignment of error does not comply with our rules of court, in that the note is not printed in connection with the assignment and for this reason we might disregard the assignment.  See rule xvii and Keystone Cycle Co. v. Jones, 12 Pa. Superior Ct. 134.  See also Commonwealth v. Johnston, 5 Pa. Superior Ct. 585.

But if we consider this assignment as in proper form, it will not help the appellant.  In our opinion the offer of the plaintiff standing alone was properly rejected.  The note referred to was not for the same amount as the protested note; there is not a scintilla of evidence tending to show that the appellee ever knew what was done with the $500 note; nor that she knew that a payment had been made thereon; nor that she indorsed the $250 note for any purpose connected with the renewal, payment or extension of the first note.  The learned counsel for the appellant relies on Jenkins v. White et al., 147 Pa. 303, to convict the court of error in rejecting the offer quoted in the assignment.  In our opinion the facts in the present case clearly distinguish it from Jenkins v. White.  In that case it appears that one of the indorsers did not reside in Pennsylvania and his residence was not known to the bank officers at the time the note matured.  The notices of protest were sent to defendant Davis of Doylestown.  " It also appears, that, some days prior to the maturity of the note, defendant Davis sent to the bank another note, intended as a renewal, with the same maker and indorsers.  The renewal was not accepted by the bank for the reason that the discount was not paid.  This we regard as a waiver of protest.  It shows that the indorsers did not expect the original note to be paid at maturity and they could not have been injured by the failure to give notice of its nonpayment."

We are all of the opinion that upon the facts in the present case, the learned court did not err and that the assignment of error must be dismissed.

Judgment affirmed.