George Cowen, R. H. Casey and Nathan Hutoff *v.* The Pennsylvania Plate Glass Company. Appeal of W. W. Kann.

*Corporations—Treasurer—Receivers—Preference—Judgments.*

Upon the promise of the directors of the company to give him judgment notes to secure him, the treasurer of a private manufacturing corporation advanced money to the company which was absolutely necessary to pay wages and freight bills in order to keep the works in operation. They refused to give the notes according to promise, and subsequently, upon a stockholders' and creditors' bill, the company was declared insolvent, and a receiver was appointed. After the appointment of a receiver, the treasurer filed a bill against the company as sole defendant, alleging the above facts, which were admitted by the company. *Held*, that under the facts alleged in plaintiff's bill, he had no equity entitling him to a preference over creditors who had no lien at the date of the appointment of a receiver.

*Practice, Supreme Court—Appeals.*

A reargument, under color of an appeal, cannot be entertained, where all the questions raised were considered and determined on a former appeal, in the same cause, in which appellant was represented by counsel.

Argued Oct. 25, 1898. Appeal, No. 156, Oct. T., 1898, by W. L. Kann, from order of C. P. Westmoreland Co., No. 265, equity docket, dismissing exceptions to auditor's report. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of N. W. Walkinshaw, Esq., auditor. Before McCONNELL, J.

The facts appear by the report of the case in 184 Pa. 1.

*Errors assigned* were in dismissing exceptions to auditor's report.

*S. Schoyer, Jr.*, with him *Vin. E. Williams, W. A. Griffith* and *A. M. Sloan*, for appellant.

*Charles A. O'Brien*, with him *J. J. Johnston*, for appellees.

*C. C. Dickey*, with him *George Shiras, 3d*, and *W. K. Shiras*, for Exchange Bank of Wheeling.

*Paul H. Gaither*, with him *Cyrus Woods*, for Pennsylvania Railroad Company.

OPINION BY MR. JUSTICE DEAN, November 14, 1898:

Every question raised by this appeal was considered and decided in the case of Cowen et al. v. Pennsylvania Plate Glass Co., 184 Pa. 1, in which this appellant was represented by counsel, and all that he urges now fully heard and considered both in the court below and here. His claim was that he had advanced to the defendant company, of which he was secretary and treasurer, the sum of $42,500, on a promise of the directors that he should be secured or preferred by a judgment lien. One judgment of $10,000 had actually been confessed before the date of the receivership, as to which amount he was preferred, and is entitled to full payment. As to the remaining $32,500, he filed a bill in equity against the company, averring the loan of the money on the promise of the directors that he should be preferred as a lien creditor, and the refusal of the company to keep its promise. He prayed for a decree on the officers to compel performance of their contract. The company filed an answer to the bill, admitting all the material facts averred. In the mean time, on petition of unsecured creditors, the court had taken possession of the property, and had appointed a receiver. On Kann's motion, however, the court below directed a cautionary judgment to be entered in his favor, as if before the date of the receivership, and directed that $14,501.93 of the fund be impounded to await a final decree on the bill in equity. The creditors attacked the $10,000 judgment as an unlawful preference to an officer of the corporation. This Court, however, sustained that lien. The general creditors also denied the authority of the court below to direct a lien nunc pro tunc for the $32,500; in this we concurred; they further protested against tying up the large amount of money to await decree on the bill, because no facts were in dispute, the company having answered, admitting the facts. We agreed with them in this position. Taking every fact alleged by Kann to be true, he was only entitled to share pro rata with the other unsecured creditors on the fund. The case was sent back for distribution on that basis; the auditor and the court below have made distribution strictly on the lines of that de-

cree. We now have this appeal by Kann, raising the same questions as on the former hearing; with this addition, he now attacks as unlawful certain debts or claims of George Cowen which were presented at the first audit, and were not then nor in the former argument before this court objected to. It is too late to question these claims now, after having been adjudged lawful both in the court below and here.

The substance of this appeal is in fact a reargument of the former one, and cannot be entertained. The decree of the court below is affirmed, and the appeal is dismissed at costs of appellant.