# Van Duzer, Appellant, *v.* Commonwealth Telephone Company.

*Negligence—Master and servant—Telephone companies—Evidence—Case for jury.*

In an action against a telephone company to recover damages for personal injuries, the case is for the jury where there is evidence that the plaintiff was employed by the defendant to aid in the construction of its lines, although he was without experience in this kind of work; that the company furnished him for the purpose of climbing poles, an appliance in the nature of a harness which fitted to the body; that attached to the harness were snaps which passed around the pole, and were fastened at the ends to the harness by means of metallic snaps; that these snaps were an important factor in the safety of the climber; that at the time of the accident one of the snaps which was out of order came open with the result of the strap dropping away from the hole, and letting the plaintiff fall to the ground; that the defect in the snap was not apparent at a glance; that it had existed for some time; and that no notice of its condition had been given to the plaintiff.

Argued April 10, 1912. Appeal, No. 64, Jan. T., 1912, by plaintiff, from order of C. P. Luzerne Co., May T., 1909, No. 545, refusing to take off nonsuit in case of D. C. Van Duzer v. Commonwealth Telephone Company. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISCHER, JJ. Reversed.

Trespass to recover damages for personal injuries before FERRIS, P. J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

*Error assigned* was refusing to take off nonsuit.

*Paul J. Sherwood,* for appellant.—The case was for the jury; McDermott v. Ice Co., 44 Pa. Superior Ct. 445; Cosgrove v. Ogden, 49 N. Y. 255; Broderick v. R. R.

Station and Depot Co., 22 N. W. Repr. 802; Sheetram v. Lumber Co., 13 Pa. Superior Ct. 219; Lininger v. Air Brake Co., 210 Pa. 62; Levy v. Rosenblatt, 21 Pa. Superior Ct. 543; Carr v. Fire Extinguisher Co., 224 Pa. 346.

*P. F. O'Neill,* with him *A. T. Walsh* and *F. W. Wheaton,* for appellee, cited; Alexander v. Water Co., 201 Pa. 252; Price v. R. R. Co., 202 Pa. 176; Baker v. R. R. Co., 95 Pa. 211; Bomisch v. Roberts, 143 Pa. 1; Lee v. Dobson, 217 Pa. 349; Pittsburgh & Connellsville R. R. Co. v. Sentmeyer, 92 Pa. 276; Brossman v. R. R. Co., 113 Pa. 490.

OPINION BY MR. JUSTICE POTTER, May 22, 1912:

In this action of trespass, the plaintiff, an employee of the defendant company, sought to recover damages for injuries resulting from the alleged negligence of defendant in failing to provide the plaintiff with a reasonably safe harness or appliance to be used in climbing telephone poles. Upon the trial in the court below, at the close of the testimony offered in behalf of the plaintiff, judgment of compulsory nonsuit was entered, and from the refusal to take it off this appeal has been taken. There was evidence tending to show that plaintiff, who was without experience in this line of work, was employed by the defendant to aid in the construction of its telephone lines. There was testimony that the company furnished the tools, belts and appliances which were required for the work. In climbing poles an appliance was used which consisted of a harness fitted to the body of the climber, to which was attached straps which passed around the pole and were fastened at the ends to the harness by means of metallic snaps, which when in proper condition were kept closed by springs. These snaps were an important factor in the safety of the climber. At the time of the accident, the plaintiff was working upon

a pole at some distance from the ground, when, owing
to the movement of his body, or for some other rea-
son, one of the snaps which it is alleged was out of
order, came open, the encircling strap dropped away
from the pole, and the plaintiff fell to the ground, re-
ceiving severe injuries. Such an accident would not
have happened had the snaps been in proper working
condition.

From the opinion of the trial judge, refusing the mo-
tion to take off the nonsuit, it appears that he re-
garded the harness, including the safety snaps, as be-
ing a simple contrivance which was very liable to
get out of order, and he apparently considered that the
entire responsibility for its inspection was cast upon
the employee. He regarded the failure of the plain-
tiff to detect the defect in the appliance as constituting
contributory negligence, which would in itself prevent
the recovery of damages. We are not able to agree
with the conclusion thus reached and acted upon by
the trial judge. It appears from the evidence that
the plaintiff had very little experience with this ap-
pliance before the accident. He had used it for a
few hours only. The defect in the snaps does not
appear to have been something which was apparent at
a glance. Manual examination and testing of the
springs was necessary. The trouble seems to have been
in the springs which were weakened, and did not hold
the tongue of the snap firmly in position when closed,
so that while in so far as appearance went, it might be
safe, the weakness in the spring was liable to permit
the tongue of the snap to fall down upon slight pres-
sure or an accidental touch. The testimony showed
that this weakness in the springs had existed for some
time, but no notice of any such condition was given
to the plaintiff, when he was asked by the foreman to
make use of the harness. Yet his safety evidently de-
pended upon the integrity of the appliance in ques-
tion.

Under these circumstances, we do not feel that the trial judge was justified in saying as a matter of law that the failure of plaintiff to observe this rather minute, yet most serious, defect in the appliance which was furnished to him by his employer, was such negligence as would defeat his right to recover. The simplicity of the device was not in itself enough to exempt the employer from all responsibility under the circumstances; and in judging of the conduct of the plaintiff, his lack of experience and the slight opportunity which he had under the circumstances for knowing and detecting any defect in the appliance, are factors which should have been taken into account. We cannot say that the only inference which could properly be drawn from these circumstances would be that of contributory negligence upon the part of the plaintiff. Where more than one inference may fairly be drawn from the evidence, the case is for the jury.

The judgment is reversed with a procedendo.