## Van Duzer *v.* Commonwealth Telephone Co., Appellant.

*Negligence—Master and servant—Telephone companies—Defective climbing harness—Contributory negligence—Case for jury.*

In an action against a telephone company to recover damages for personal injuries, the case is for the jury and a verdict for the plaintiff will be sustained, where there is evidence that the plaintiff was employed by the defendant to aid in the construction of its lines, although he was without experience at this kind of work; that the defendant's superintendent furnished him, for the purpose of climbing poles, an appliance in the nature of a harness which fitted to the body, although the superintendent knew two weeks before the accident that the harness was defective; that the superintendent told plaintiff that the harness was "perfectly safe; you cannot fall in them; and you can do this work as well as any one"; that due to a defect in the metallic snap fastened to the end of the harness, plaintiff fell and suffered the injuries complained of; and that the defect in the snap was not apparent at a glance.

Van Duzer v. Commonwealth Telephone Company, 236 Pa. 538, followed.

Argued April 13, 1914. Appeal, No. 290, Jan. T., 1913, by defendant, from judgment of C. P. Luzerne Co., May T., 1909, No. 545, on verdict for plaintiff in case of D. C. VanDuzer v. Commonwealth Telephone Company. Before Brown, Mestrezat, Potter, Stewart and Moschzisker, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before Garman, J.

The facts appear in VanDuzer v. Commonwealth Telephone Co., 236 Pa. 538, and in the opinion of the Supreme Court.

Verdict for plaintiff for $3,000 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*P. F. O'Neill,* with him *A. T. Walsh* and *F. W. Wheaton,* for appellant.

*Paul J. Sherwood,* with him *Rush Trescott,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 1, 1914:

The plaintiff here sought to recover damages for personal injuries alleged to have resulted from the negligence of the defendant company. The case has been tried twice. The first trial resulted in a judgment of compulsory nonsuit, which the court refused to take off. Upon appeal to this court (VanDuzer v. Telephone Co., 236 Pa. 538) the judgment was reversed with a procedendo. It appears from the evidence at the last trial that plaintiff was employed under the authority of the defendant's division superintendent to assist in the work of building telephone lines. He was engaged to do general work and probably a little climbing. He objected somewhat to the climbing as he was without experience in that work. He was told that the company would furnish tools and belts, and whatever was needed to work with, and would keep everything in repair. He was furnished by Mr. Irwin, superintendent of the work, with the harness which he used in climbing, and which proved to be defective. A witness, Charles Eichsted, testified that about two weeks before the accident to plaintiff, he called the attention of Irwin, the superin-

tendent, to the defective condition of the harness and the weakness of the snap. A defect in the metal snap caused the accident. The second trial resulted in a verdict for the plaintiff. Rules for a new trial, and for judgment for defendant n. o. v., were discharged by the court below, and judgment was entered upon the verdict. The defendant has appealed. In opening their argument, counsel for appellant say that the only question for determination here, is whether under the pleadings the evidence warranted the submission of the case to the jury. The record as now before us, presents substantially the same evidence as that which appeared in the former appeal, upon which we held that the case was for the jury. The present argument is therefore practically a reargument of a question which has already been decided. This is not permissible: Cowen v. Plate Glass Co., 188 Pa. 542; Creachen v. Carpet Co., 214 Pa. 15. An examination of the testimony at both trials, shows that it was in substance the same, as to the employment of plaintiff, the agreement to furnish him with appliances for climbing, the authority of Irwin the superintendent, the circumstances and cause of the accident, plaintiff's lack of experience, &c. Several of the witnesses for plaintiff testified on both trials, to the unsafe condition of the harness, particularly of the snap which gave way, or fell open, and thus caused the accident. In the opinion on the former appeal, we said (236 Pa. 540): "The testimony showed that this weakness in the springs had existed for some time, but no notice of any such condition was given to the plaintiff, when he was asked by the foreman to make use of the harness. Yet his safety evidently depended upon the integrity of the appliance in question." It appears from the record at the last trial, that plaintiff testified that Irwin, who was in immediate charge of the work, gave him the harness and helped him to put it on, and that he said, "they are perfectly safe, and you cannot fall in them, and you can do this work as well as anybody." Plaintiff further testi-

fied that he had never had any experience with snaps such as were used in the belt attached to the climbing harness, which was given to him to use.

We find nothing in the evidence in this record, to change our conclusion, reached in the former appeal, that the questions of the negligence of the defendant, and the contributory negligence of the plaintiff, were not properly to be disposed of by the court as questions of law, but were for the consideration of the jury, under proper instructions. No complaint is made of the manner in which these questions were submitted. The only contention here is that the trial judge should have taken these questions from the jury, and should have given binding instructions in favor of the defendant. This would have been in plain disregard of the decision of this court in this case upon the former appeal.

The assignments of error are overruled, and the judgment is affirmed.