# Reiner, Appellant, *v.* Augustinian College of Villa Nova.

*Contracts—Loan of money—Educational institution—Corporations—Authority of officers—Evidence—Case for jury—Practice, C. P.—Trial—Evidence—Remarks of counsel.*

1. In the trial of an action to recover for money alleged to have been loaned by plaintiff to defendant college, where the evidence was conflicting as to whether the officer to whom the money was actually paid had authority to represent the college, it was not error to reject the offer of the plaintiff to prove that the officer to whom the money had been paid was a regular priest, and had taken the vows of poverty, which bound him not to possess or use money, in order to show that money paid to the priest was in fact a loan to the college, especially where the officer, by his own admission, had engaged in certain real estate transactions.

2. It is not error for the court to refuse to allow a party to file an affidavit containing alleged improper remarks of counsel to the jury, in the trial of a case, where, when asked whether he wished to have a juror withdrawn, counsel for said party replied in the negative.

3. In an action by plaintiff to recover for money loaned to an educational institution where the evidence was conflicting as to whether plaintiff or her husband had actually advanced the money,

and whether, if advanced by her, it was received for the use of the corporation by one authorized to receive it, the case was for the jury and a verdict and judgment for defendant were sustained.

Argued March 23, 1915. Appeal, No. 14, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 4, Philadelphia Co., June T., 1911, No. 4179, on verdict for defendant, in case of Frida Reiner v. Augustinian College of Villa Nova. Before BROWN, C. J., MESTREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit for money loaned to defendant. Before AUDENRIED, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon. Plaintiff appealed.

Errors assigned, among others, were rulings on evidence referred to in the opinion of the Supreme Court, the refusal of the court to permit plaintiff to file an affidavit containing alleged improper remarks by counsel for the defendant in his speech to the jury, and the refusal of the court to direct a verdict for plaintiff.

Henry I. Hyneman, for appellant.

Joseph P. McCullen, with him Charles D. McAvoy and James A. Flaherty, for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, July 3, 1915:

The Augustinian College of Villa Nova is an educational institution and the claim made against it by the plaintiff below was for money lent to it. This claim was not based on a loan formally made or authorized by the officers of the institution, but upon four checks amounting to $4,110, drawn in the years 1905, 1908 and 1909 to the order of L. A. Delurey, who at the time was treasurer of the college, and who testified on the trial

that he had borrowed the money under general authority given him to do so. The checks were not drawn by the plaintiff, but by her husband, and the case went to the jury to determine, first, whether the money was actually advanced by the plaintiff or by her husband, and, second, if advanced by her, whether it was received for the use of the corporation by one authorized to receive it. The verdict was for the defendant, but whether one or both of the questions submitted to the jury were determined adversely to the plaintiff does not appear.

The two questions of fact for the jury's consideration were very simple and were submitted under a charge to which no error has been assigned. Twenty-seven of the thirty assignments relate to rulings on offers of evidence. All of these have been duly considered, but none of them —unless they may be the 26th and 27th—call for separate mention. The case of the plaintiff depended upon the testimony of her husband and Dr. Delurey. Their testimony showed a very loose system on the part of the plaintiff in lending, and on the part of the defendant in borrowing, money, but if they were to be believed by the jury, the plaintiff was fairly entitled to recover. Her right to recover rested entirely upon what they said, and, to enable the jury to determine what credit should be given to their statements, their testimony in chief called for the latitude allowed by the trial judge on their cross-examination. It is not needful, nor would it be profitable, to say more of the first twenty-five assignments than that we find nothing in them calling for a retrial of the case.

One of the disallowed offers of the plaintiff was to prove that Dr. Delurey—the atlas of her case—was a regular priest, that he had taken the vows of poverty and could not, therefore, own, possess or use money. This offer was made upon the theory, as counsel for appellant states in his printed argument, that, as Dr. Delurey had taken the vows of poverty, and was, therefore, unable to possess money in his individual right, a check drawn to

his order and by him deposited in an individual account was, in fact, a loan to the college. Vows that Delurey may have taken as a priest might have been pertinent if the trial below had been in an ecclesiastical court trying a case involving an ecclesiastical question, but they were utterly irrelevant on this trial. He may have taken vows to refrain from doing many things, but his assumption of them was no evidence that he had not done them, nor could it establish the fact that it was impossible for him "to own, possess or use money." The question before the jury was, What did he do? and not What did he vow to do or not to do? In this connection it may be proper to note that, if he ever did take the vow referred to in the excluded offer, he did not keep it, for, by his own admission he was engaged in a real estate transaction in 1909, and in the following year, in a letter written to the president of the defendant college, he confessed that he had, without any authority whatever, made several notes in its name to the amount of about $70,000, adding, "For this crime against both civil and church law, I now without any equivocation or reservation whatever, protest my sincere sorrow therefor, and honestly, humbly and from my heart promise to make reparation for the same as far as lies in my power." The 26th and 27th assignments are overruled.

The 28th and 29th assignments complain of the refusal of the court to allow the plaintiff to file an affidavit containing certain alleged improper remarks made by counsel for the defendant to the jury. The record shows that, when the application was made to file the affidavit, the court asked counsel for the plaintiff whether he desired to have a juror withdrawn, to which he answered "no." The said two assignments are, therefore, dismissed: Welker v. Hazen, 247 Pa. 122.

The 30th and last assignment complains of the court's refusal to direct a verdict in favor of the plaintiff. Such a direction would have been manifest error

Judgment affirmed.