## Lafferty's Estate.

*Will—Trust and trustees—Power—Power of appointment.*

A testator created a trust estate which was not to terminate until his youngest grandchild living at the death of his last surviving child should arrive at full age. He gave to each of his children power to appoint "to and among his or her children or issue in such shares, proportions and estates absolutely or upon trusts, as he or she may so will or appoint." One of the sons died leaving his estate to his three children absolutely. One of them, a daughter, subsequently died leaving a will by which she directed certain annuities to be paid by her executor and gave the residue to her children. At the time of her death the trust created by her grandfather's will had not expired. *Held,* that the income from the trust should be paid to the granddaughter's executor, and not to the guardian of her children.

Argued Jan. 18, 1904. Appeal, No. 151, Jan. T., 1904, by Charles H. Lafferty et al., from decree of O. C. Phila. Co., Oct. T., 1886, No. 587, sustaining exceptions to adjudication in estate of Charles Lafferty, deceased. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.

The auditing judge, ASHMAN, J., stated the facts to be as follows :

Rose E. Carr was a daughter of Francis Lafferty, a son of the testator. Francis Lafferty, who died in 1896, by his will, gave his estate in equal shares to his three children, Charles B. and Frank Lafferty, and Rose E. Carr, absolutely. Frank died intestate and without issue, and in December, 1901, Rose died, having first appointed the Philadelphia Trust Company executor and trustee of her estate and guardian of her two children, both of whom are minors.

Charles Lafferty, the original testator, devised and bequeathed his estate to his executors in trust to hold the same during the life of the survivor of his children, and thereafter until his youngest grandchild living at the death of such surviving child should arrive at lawful age, and to pay certain annuities to his children. He provided further that on the death of a child leaving issue, the said executors should hold the share of the child so dying, for the use of the issue, in such proportions as the said child should appoint by will, but subject to the trusts

of testator's will, during the time limited for the same to endure; "that is, during such trust the annuities shall be subject to the disposal of my children as aforesaid, and the shares of the residuary estate to take effect in possession at the expiration of the trust." The same limitation is expressed in the clause of his will relating to the death of a child leaving issue, but without having exercised the power of appointment.

The trust is not yet executed, one child of testator still surviving and grandchildren also surviving under twenty-one.

The income from the trust estate of Charles Lafferty which passed to Rose E. Carr under her father's will was directed by the auditing judge to be paid to the guardian of Rose E. Carr's minor children.

Exceptions to the adjudication were sustained, PENROSE, J., filing an opinion which was in part as follows:

We think that the share of income belonging to the estate of Rose E. Carr should be awarded to her executor and not to the guardian of her children. Under the will of her father exercising the power of appointment given to him by the will of his father—the present testator—she acquired the absolute ownership of the share appointed to her, though possession of the legal estate cannot be had until the termination of the trust created by the grandfather's will. But in the meantime her share of the income must go as she had directed by her will, viz: to her executors who are charged with the payment of the annuities there provided for, the residue only, after such payment, passing to the guardian of her children. The error has probably arisen from reading the will of the original testator as if the limitations attached to the powers of appointment given by him to his children extended to the estates given by them to their children, although the power is to appoint "to and among his or her children or issue in such shares, proportions, and estates, absolutely or upon trusts, as he or she may so will or appoint." The donees of the power could not exercise it in favor of persons not belonging to the designated class of objects, but their appointees acquired all rights of ownership, unlimited in power of disposition.

The seventh and eighth exceptions are sustained, and the adjudication modified accordingly.

*Errors assigned* were in sustaining exceptions to adjudication.

*Eli Kirk Price*, with him. *Walter Willard* and *George L. Crawford*, for appellants.

*Frank A. Hartranft*, for appellee.

PER CURIAM, April 18, 1904:

The decree is affirmed on that part of the opinion of the court below that relates to the questions raised in this court.

---

## March, Appellant, v. Traction Company.

*Negligence—Street railways—Collision between wagon and car.*

What is proper control of horses in driving on a city street depends on the circumstances.

To come to a right-angled street crossing in the dark at a trot is in itself evidence of negligence.

In an action against a street railway company to recover damages for personal injuries, the plaintiff testified that on the night of the accident he was driving on the west side of a street a two-horse delivery wagon, and that at the corner of a cross street it collided with a car of the defendant going east on the cross street. He testified that he looked, and that he had his horses under control. The collision occurred before the wagon reached the tracks, being struck "between the horses' rear and the seat of the wagon." The car was only forty feet away at the time plaintiff said he looked and lighted up in the usual manner. *Held*, that a nonsuit was properly entered.

Argued Jan. 18, 1904. Appeal, No. 40, Jan. T., 1903, by plaintiff, from order of C. P. No. 3, Phila. Co., Dec. T., 1901, No. 627, refusing to take off nonsuit in case of Osborne March v. Union Traction Company. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before McCARTHY, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in refusing to take off nonsuit.