## APPEAL OF JOSEPH P. McMULLEN, EXECUTOR UNDER THE LAST WILL OF CHARLES B. LAFFERTY, DECEASED.

Docket No. 8101.   Submitted December 3, 1925.   Decided February 4, 1926.

> Appellant's testator acquired a vested interest in the estate of his grandfather and held such interest at the time of his death; the value of that interest was properly included in the gross estate of appellant's testator for the purposes of the Federal estate tax under the Revenue Act of 1921.

*Thomas Boylan, Esq.*, for the taxpayer.
*Frank T. Horner, Esq.*, for the Commissioner.

### Before KORNER.

This appeal is from the determination of a deficiency in the amount of $3,391.99, in respect of an estate tax, of which deficiency the taxpayer was notified by the Commissioner in a letter dated September 10, 1925. The question presented is whether or not Charles B. Lafferty had, at the time of his death, a vested interest in the estate of his grandfather, Charles Lafferty.

### FINDINGS OF FACT.

1. The petitioner is the duly appointed, qualified, and acting executor of the last will and testament of Charles B. Lafferty, who died December 4, 1923. At the time of his death, Charles B. Lafferty was a resident of the Commonwealth of Pennsylvania.

2. Charles Lafferty, grandfather of the decedent Charles B. Lafferty, a resident of Pennsylvania, died at Philadelphia on October 10, 1885, leaving a last will and testament, which was duly admitted to probate and record. That part of his last will and testament pertinent here is as follows:

Fifth:—On the death, or marriage, of my Wife, all the rest, residue and remainder of my Estate, Real and Personal, which I may own at my decease, excepting my household goods and furniture, a pair of horses and two car-

riages, which my Daughter, Rose Ella, is to have, I give, devise and bequeath unto my Executors, their Heirs and Assigns, to have and to hold the same during the life of my children hereinafter named, and the life of the survivor of them, and thenceforth until my youngest grand-child living at the decease of my surviving Child shall arrive at lawful age, or would be of such age if afterwards dying, in trust, to collect the rents, interest, income and dividends thereof, and after deducting taxes and all proper charges, to pay the following annuities to wit:—

> Unto my Daughter, Anna Lafferty, Two Thousand Dollars;
> Unto my Son, Patrick Lafferty, Two Thousand Dollars;
> Unto my Son, Francis Lafferty, Two Thousand Dollars;
> Unto my Son, Charles Lafferty, Two Thousand Dollars;
> Unto my Daughter, Mary McGinnis, Two Thousand Dollars; and
> Unto my Daughter, Rose Ella Lafferty, Two Thousand Dollars;

in equal quarterly sums from the date of my decease; and should the net rents and income not suffice to pay said annuities in full, they shall abate pro rate; and should such rents and income in any year enable my Executors to pay more than said annuities they shall be increased accordingly, such payment of the excess to be at times convenient to my Executors in their management of my said Estate.

And as I intend said annuities for the personal comfort and maintenance of those for whom it shall be held in trust, it is my will that said annuitants shall have no power to assign or anticipate the same; nor shall the said annuities be liable to the debts, contracts, or engagements, of said annuitants or any of them, or of any husband any of them may have, nor to any execution or attachment, against them or any of them; and should it be necessary to avert any such consequence it shall be the duty of the Executors and Trustees themselves to apply the annuities directly to the support and comfort of the annuitants or annuitant; any excess always being taken as a part of said annuities.

Sixth:—Should any one or more of my said Children die, and leave no issue living at his or her decease, the share, or shares, of such shall be held and applied as part of my original trust residuary Estate, for the increase of the annuities of my surviving Children and the issue of any of them then deceased, subject to the restrictions, limitations and exemption from contracts and debts and liabilities for executions and attachments, and with and subject to the same powers; and so to the same limitation over shall take effect, subject as aforesaid, if any of my children shall leave issue living at his, or her death, and such issue shall all die DURING THEIR MINORITY leaving no issue then living.

Seventh:—And the said Executors shall hold the said residuary Estate, and all the accretions thereto by the death of any of the beneficiaries as aforesaid, as to any of my Children who shall leave issue living at his or her death, subject to his or her disposal, and notwithstanding coverture, by any last will or writing in the nature thereof, of such share of the residuary Estate, original or accrued, of which, under the limitations of this Will, he or she was at his or her death, entitled to the rents and income, to and among his or her child, children or issue, in such shares, proportions and estates, absolutely or upon trusts, as he or she may so will or appoint, but subject to the trusts of this Will during the time limited as aforesaid for the same to endure, and the limitations over to the surviving children or the issue of deceased children; that is, during such trust the annuities shall be subject to the disposal of my

children as aforesaid, and the shares of the residuary Estate to take effect IN POSSESSION at the expiration of the trust.

Eighth:—But should any of my children die leaving issue him or her surviving, and make no appointment or disposal of my Estate as authorized aforesaid, then my Executors shall hold the share he or she might have so willed or appointed, in trust for the child, children or issue of such decedent, or decedents, LIVING AT HIS, HER OF THEIR DEATH, and the issue of any deceased child or descendant, in equal shares, so however that such issue or descendants shall take equally, only the proportion that their deceased parent would have taken IF THEN LIVING; but subject to the trust hereinbefore created, until the limitation thereof shall expire, and subject to said restrictions and conditions, as to liability to contracts and debts, and exemptions from executions and attachments as aforesaid and to the limitation over as above said in case of all the issue of any of my children DYING IN THEIR MINORITY without issue.

3. Francis Lafferty, son of Charles Lafferty, also a resident of Pennsylvania, died May 14, 1896, leaving a last will and testament, which was duly admitted to probate and record. His will provided, after making certain bequests not material here,.that "all the rest, residue and remainder of my property, I give, devise, and bequeath to my three children, share and share alike, absolutely." The three children of Francis Lafferty were, Frank J. Lafferty, Rose E. Carr, and Charles B. Lafferty, the decedent herein. Frank Lafferty died, intestate and without issue, some time prior to the year 1901, and Rose E. Carr died, testate, on December 26, 1901, leaving two children, Edward L. Carr and Sarah Reilly. Sarah Reilly died testate some time prior to the year 1923, leaving one child, Rose Marie Reilly.

4. The taxpayer filed an estate-tax return for the estate of Charles B. Lafferty, deceased, and also filed an affidavit setting forth that, in addition to the items enumerated in the return, the taxpayer believed that Charles B. Lafferty had, at the time of his death, a vested one-eighth interest in the estate of his grandfather, Charles Lafferty, which estate was still being held in trust; that other parties of interest denied this claim; that the rights of the said Charles B. Lafferty and of the estate of Charles Lafferty would not be determined until the termination of the trust provided by the will of Charles Lafferty, and that the trust would not terminate until the death of Charles H. Lafferty, the only surviving son of Charles Lafferty.

5. Upon audit of the return in question, the Commissioner included, as a part of the gross estate of the decedent Charles B. Lafferty, subject to the Federal estate tax, "decedent's one-eighth undivided absolute vested interest in the estate of Charles Lafferty, deceased," determined to be of the value of $229,278.98. The value of the property thus included in the gross estate of taxpayer's testator is not in dispute and is found to be $229,278.98.

DECISION.

The determination of the Commissioner is approved.

OPINION.

KORNER, *Chairman:* The only question presented for determination by this appeal is whether or not Charles B. Lafferty had, at the time of his death, a vested interest in the estate of his grandfather, Charles Lafferty. It is conceded by the parties to this appeal that, if he had such an interest, it is properly to be included as a part of the gross estate subject to the Federal estate tax. It is also agreed by the taxpayer and the Commissioner that the interest, if any, was a one-eighth interest. The parties are in accord as to the value thereof.

By item 7 of his will, Charles Lafferty gave to each of his children, among other things, the right of disposal by will or writing in the nature thereof " of such share in the residuary estate  *  *  * of which  *  *  * he or she was at the time of his or her death, entitled to the rents or income, to and among his or her children or issue,  *  *  * absolutely or upon trust," and it is contended by the Commissioner that this right of disposal or appointment was exercised by Francis Lafferty in his last will and testament, thereby vesting in his children, of whom Charles B. Lafferty was one, an interest in the estate of Charles Lafferty.

From a reading of item 7 of the will of Charles Lafferty, we are of opinion that the right of disposal or appointment given his children was not limited to the income to which each child was entitled, but extended to an interest in the estate itself, that is, " such share of the residuary estate of which " the child " was at the time of his or her death entitled to the rents or income," the shares of the residuary estates so disposed of not to take effect in possession, however, until the termination of the trust provided by the will of Charles Lafferty. Therefore, if Francis Lafferty validly exercised the power of appointment or disposal given to him, his children, upon his death, became the owners of a vested interest in the estate of their grandfather and entitled to the income thereof during the continuance of the original trust and to the possession of such interest upon the termination of the trust. If the power of disposal or appointment was not validly exercised by Francis Lafferty, then it will be necessary for us to examine and ascertain the legal effect of item 8 of the will of Charles Lafferty, which provided for the disposition of his estate in the event his children failed to exercise the power of appointment or disposal provided by item 7 of his will.

While the identical right or interest of Charles B. Lafferty to or in the estate of his grandfather has not been expressly passed upon and determined by the highest court of Pennsylvania, there have been numerous suits involving the estate of Charles Lafferty and the rights and interests of his children and issue therein, which rights and interests are, in effect, identical with those of Charles B. Lafferty. We think that the results of those cases disclose the attitude of the Supreme Court of Pennsylvania toward the question presented here. Rose E. Carr was a sister of Charles B. Lafferty, and her interest in the estate of her grandfather was exactly the same interest as that of Charles B. Lafferty. Her interest also arose under the will of Francis Lafferty. Rose E. Carr died in 1901, leaving a last will and testament. The question arose as to whether her interest in the income of the estate of Charles Lafferty passed to her executors under her will or to her children under the will of her grandfather, it being contended that Francis Lafferty, her father, had not exercised the power of disposal or appointment which was given to him under the will of Charles Lafferty. The auditing judge of the Orphans' Court of Philadelphia County, Pa., (Judge Ashman) held that the income involved should be paid to the guardian of Rose E. Carr's minor children. Exceptions to the adjudication were taken by the executor of the estate of Rose E. Carr and were sustained by the Orphans' Court. The opinion of that court, by Judge Penrose, relating to the issue here involved, is set out in the statement of the case of *In re Lafferty's Estate*, 209 Pa. 44; 57 Atl. 1112. The Orphans' Court, in sustaining the exceptions, said:

We think that the share of income belonging to the estate of Rose E. Carr should be awarded to her executor, and not to the guardian of her children. Under the will of her father, exercising the power of appointment given to him by the will of his father—the present testator—she acquired the absolute ownership of the share appointed to her, though possession of the legal estate cannot be had until the termination of the trust created by the grandfather's will. But in the meantime her share of the income must go as she had directed by her will, viz, to her executors, who are charged with the payment of the annuities there provided for; the residue only, after such payment, passing to the guardian of her children. The error has probably arisen from reading the will of the original testator as if the limitations attached to the powers of appointment given by him to his children extended to the estates given by them to their children, although the power is to appoint " to and among his or her children or issue in such shares, proportions, and estates, absolutely or upon trusts, as he or she may so will or appoint." The donees of the power could not exercise it in favor of persons not belonging to the designated class of objects, but their appointees acquired all rights of ownership, unlimited in power of disposition.

The decree of the Orphans' Court was affirmed, and that portion of the opinion quoted above was approved by the Supreme Court of

Pennsylvania. *In re Lafferty's Estate, supra.* The decision of the Supreme Court was *per curiam*, but the syllabus in the report of the case is enlightening. It is as follows:

1. Testator left his property in trust, which trust was not to terminate until his youngest grandchild living at the death of his last surviving child arrived at full age. The will gave to each of the testator's children power to appoint to his or her children absolute estates or on trust, as he or she might determine. A son left his estate to his three children absolutely. One of them died, directing certain annuities to be paid out of her estate, and gave the residue to her children. At the time of her death the trust under her grandfather's will had not terminated. *Held*, that the income thereof was payable not to the guardian of the granddaughter's children, but to her executor.

After a lapse of six years, the same question was again presented to the Supreme Court of Pennsylvania, on appeal from a decree of the Orphans' Court of Philadelphia, concerning the disposition of the income to which Rose E. Carr was entitled under the will of her grandfather, Charles Lafferty. The income in question was again awarded to the executors of the estate of Rose E. Carr. *Appeal of Philadelphia Trust, Safe Deposit & Ins. Co., In re Lafferty's Estate,* 230 Pa. 496; 79 Atl. 711. The court, at page 712, said:

In *Lafferty's Estate*, 209 Pa. 44, 57 Atl. 1112, this court affirmed the decree of the orphans' court, by which the share of the annuity to which, under the will of her grandfather, Rose E. Carr would have been entitled, if living, was awarded to her executor. That decision necessarily involved the determination of the question whether or not the will of Francis Lafferty was a valid exercise of the power of appointment given to him in the will of his father. After the lapse of some six years, precisely the same question, in the same estates, under the same wills, is again presented by the decree from which the present appeal is taken.

The decision in *Lafferty's Estate*, 209 Pa. 44, 57 Atl. 1112, became the law of the case, and stands as such. It must be accepted as a final adjudication of the question involved.

From the foregoing decisions of the Supreme Court of Pennsylvania, it is apparent that, under the laws of the Commonwealth of Pennsylvania, Rose E. Carr had a vested interest in the estate of her grandfather, Charles Lafferty, and that the court regards the validity of the exercise of the power of appointment by Francis Lafferty as a closed question. It is obvious that the interest of Charles B. Lafferty in the estate of his grandfather was an interest exactly similar to that of Rose E. Carr. If the power of appointment exercised by Francis Lafferty was valid as to Rose E. Carr and vested in her an interest in the estate of Charles Lafferty, it was valid as to Charles B. Lafferty, and likewise vested in him an equal interest in the same estate. It is difficult to conceive that the Supreme Court of Pennsylvania would hold otherwise. We are, therefore, of the opinion that Charles B. Lafferty, at the time of

his death, had a vested interest in the estate of his grandfather, Charles Lafferty.

Several decisions of the lower courts of Pennsylvania have been cited to us, in which it was held that, where a child of Charles Lafferty died without having exercised the power of appointment or disposal provided by item 7 of the will of Charles Lafferty, his issue then living took a vested interest in the estate of Charles Lafferty under paragraph 8 of his will. It is not necessary, however, to discuss these decisions here, since we are of the opinion that the interest in the estate of Charles Lafferty involved herein came to Charles B. Lafferty under paragraph 7 of his grandfather's will and not under paragraph 8 thereof.