214     15
32 SC  265

214     15
220    ⁴185

# Creachen v. Bromley Brothers Carpet Company, Appellant.

*Appeals—Paper-books—Statement of question involved.*

A statement of the question involved which extends over more than a page, and is merely a repetition of the specifications of error, is a palpable violation of Rule 26.

*Appeals—Assignments of error—Evidence.*

An assignment of error which complains of the action of the court in sustaining an objection to a question, quoting the question, but nothing else, is insufficient.

An assignment of error to the refusal of the trial court to admit a paper in evidence, is insufficient which quotes neither the record nor the paper.

*Evidence—Former trial—Examination of witness.*

At the third trial of the case the plaintiff was asked this question: "Do you not know that your testimony in these two trials was contradictory as to very many material facts?" The court sustained the plaintiff's objection to the question. The record showed that the plaintiff was examined specifically and at length with regard to his testimony on two former trials, and that the testimony at the first trial was offered and admitted in evidence for the purpose of contradicting him. *Held*, that there was no error in sustaining the objection.

*Negligence—Machinery—Master and servant—Evidence.*

In an accident case where it appears that plaintiff was not injured while cleaning a machine, but in trying to remove choke, which he testified he had been directed to do, it is immaterial whether or not a sign had been displayed forbidding the cleaning of machinery while in motion.

*Appeals—Charge—Answer to point—Review.*

A judgment will not be reversed because a point presented by one of the parties was not answered if it appears that the question presented by the point was substantially answered in the general charge.

*Appeals—Second appeal—Res adjudicata.*

On a second appeal matters passed upon at a prior appeal will not be reconsidered.

Argued Jan. 8, 1906. Appeal, No. 206, Jan. T., 1905, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1901, No. 199, on verdict for plaintiff in case of Francis Creachen, by his next friend and mother, Elizabeth Creachen, v. The Bromley Brothers Carpet Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The opinion of the Supreme Court states the case. See also 209 Pa. 6.

Defendant's points refused by the court were as follows :

1. If the jury believe that the defendant had placed a conspicuous sign that machinery must not be cleaned while in motion, close to the machine, so that the plaintiff could see it during all the time that the plaintiff worked on this machine, your verdict must be for the defendant.

5. If the jury believe that the choking of the machine in the rear would have stopped the machine, throwing off its belt from the tight pulley, and the plaintiff was instructed when that occurred to call another employee to remedy the choke, your verdict should be for the defendant.

6. If the jury believe that the plaintiff's testimony on the first trial was correct and that his subsequent testimony contradictory thereof was given after he had learned that the testimony of the first trial would not entitle him to recover, then your verdict must be for the defendant.

7. If the jury believe that the injured plaintiff has sworn consciously falsely as to any material fact, the verdict must be for the defendant.

9. Under all the evidence, the verdict must be for the defendant.

Verdict for plaintiff for $9,700 on which judgment was entered for $3,500, all above that amount having been remitted.

*Errors assigned* were :

(1) The learned trial judge erred in sustaining the plaintiff's objection to the defendant's question to the plaintiff on cross-examination : " Q. You do not know that your testimony in these two trials was contradictory as to very many material facts ? "

(2) The learned trial judge erred in sustaining the plaintiff's objection to the defendant's offer in evidence of the first statement filed in this case and signed and sworn to by the plaintiff.

(3–7) Refusal of defendant's points as above, quoting them.

*George L. Crawford*, of *Crawford & Loughlin*, for appellant, cited: Robinska v. Lyman Mills, 174 Mass. 432; (54 N. E. Repr. 873); De Young v. Irving, 5 App. Div. 499 (38 N. Y. Supp. 1089); Oszkoscil v. Eagle Pencil Co., 25 N. Y. St. Rep. 925 (6 N. Y. Supp. 501); Standtke v. Swits. Conde. Co., 53 App. Div. 500 (65 N. Y. Supp. 942); Stoll v. Hoopes, 22 W. N. C. 159; McEwen v. Hoopes & Townsend, 175 Pa. 237; Zurn v. Tetlow, 134 Pa. 213; Wallace v. R. R. Co., 165 Mass. 236 (42 N. E. Repr. 1125).

*Howard A. Davis*, with him *David Lavis* and *John T. Murphy*, for appellee.

OPINION BY MR. JUSTICE POTTER, February 5, 1906:

The statement of the question involved in this case is a palpable violation of Rule 26. In the language of the rule, the statement "should not exceed six or eight lines, and must not, under any circumstances, exceed half a page." Here, it extends over more than a page, and is merely a repetition of the specifications of error. The appeal might very properly be quashed for this reason alone: Van Sciver Co. v. McPherson, 199 Pa. 331.

The first assignment of error complains that the court below sustained an objection to a question asked plaintiff on cross-examination. It then quotes the question, but nothing else. This assignment is bad, in failing to " quote " the record: Gish v. Brown, 171 Pa. 479. If the question referred to in this assignment was admissible, its exclusion could have done no harm to defendant, for an inspection of the testimony shows that the plaintiff was examined specifically and at length with regard to his testimony on former trials, and that extracts from his evidence as given at each, were read to him by counsel for the defendant, and that he was asked as to the alleged discrepancies between the two. In addition, his testimony at the first trial was offered and admitted in evidence, for the purpose of contradicting him. The defendant therefore had the benefit of everything that would have been gained by an answer to the question: Worrall v. Pyle, 132 Pa. 529; Collins v. Houston, 138 Pa. 481; Fitzpatrick v. Traction Co., 206 Pa. 335.

The second assignment complains that the court below re-

fused to admit in evidence the original statement filed in the case, and signed and sworn to by plaintiff. This assignment is bad because the record is not quoted : Gish v. Brown, 171 Pa. 479. It is also bad because the paper is not quoted: Kaufman v. R. R. Co., 210 Pa. 440; Jenkinson v. Eggers, 28 Pa. Superior Ct. 151.

The third assignment relates to the refusal to affirm defendant's first point of charge, which was evidently based upon the case of McEwen v. Hoopes, 175 Pa. 237. But in this case, the plaintiff was not injured while cleaning the machine, but in trying to remove the choke, which he testified he had been directed to do. It would therefore be immaterial whether or not a sign had been displayed forbidding the cleaning of machinery while in motion.

The fourth assignment relates to the refusal to affirm the defendant's fifth point, but no argument is made in support of this assignment, nor is any evidence pointed out which would sustain the point. An examination of the testimony fails to show that there was evidence of all the facts as stated in this point.

The fifth and sixth assignments relate to the refusal to affirm defendant's sixth and seventh points for charge, as to the effect of the alleged contradictions in plaintiff's testimony. The instructions here asked for were substantially given in the charge, where the jury were instructed that " It is the maxim of the law that if a man, who is under oath, testifies falsely in one particular, you would be justified in not believing him in anything." A judgment will not be reversed because a point presented by one of the parties was not answered, if it appears that the question presented by the point was substantially answered in the general charge : Fleming v. Dixon, 194 Pa. 67, and cases there cited.

The seventh assignment complains of the refusal of the court below to give binding instructions in favor of the defendant. A comparison of the present case with the appeal in 209 Pa. 6, shows that the evidence was substantially the same in both cases as to the general liability of the defendant, and as to the matter of contributory negligence, and with respect to the condition of the record as to the testimony of the plaintiff. The questions properly raised by this assignment of error must,

therefore, be considered as having been passed upon under the former appeal. A reargument of them in substance, cannot be entertained: Cowen v. Plate Glass Co., 188 Pa. 542.

The assignments of error are all dismissed and the judgment is affirmed.