## McMahon's Estate.

*Appeals—Res adjudicata—Partition.*

Where on an appeal from the refusal of an order of the orphans' court to stay proceedings until the title should be determined by an action at law, the record shows no question that was not decided on a former appeal by the same party overruling a motion to quash proceedings in partition, the second appeal will be dismissed on the ground of prior adjudication.

Argued March 12, 1906.   Appeal, No. 189, Jan. T., 1905, by Sue McMahon, from decree of O. C. Clinton Co., refusing an order to stay proceedings in Estate of Mary McMahon.   Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Petition to stay proceedings.   Before MAYER, P. J.

The opinion of the Supreme Court states the case.   See also McMahon's Estate, 211 Pa. 292.

*Error assigned* was decree refusing to stay proceedings.

*C. S. McCormick*, for appellant.

*T. C. Hipple* and *Henry Hipple*, for appellees.

OPINION BY MR. JUSTICE FELL, April 9, 1906 :

This record presents no question that was not decided on a former appeal by the same party from an order overruling a motion to quash proceedings in partition. One of the properties included in the writ was lot six in block three in a plan of lots laid out by a land company in the borough of Renova. The appellant claimed title to this lot as devisee of her mother. Her mother never had title to it and it was not mentioned in her will. She had title to lot three in block six and devised to the appellant lot four in block six. In support of the motion to quash, testimony was offered to show a misdescription in the deed and that lot six in block three should have been conveyed. Without passing on the sufficiency of this testimony to make out a prima facie case, the court overruled the motion for the reason that if the deed should be reformed, there would be an intestacy as to this property and it was properly included in the writ. The appellant could not succeed without showing that a mistake had been made both in the deed and in the will.

This appeal is from the refusal of an order to stay proceedings until the title should be determined by an action at law. No additional facts were shown nor was an attempt made to show any. The appellant's case rested upon the mere assertion of adverse title unsupported by any proofs on which a jury would be allowed to pass in an action of ejectment. On the former appeal it was decided that the title set up gave the appellant no standing to object to a partition. Her petition was, therefore, properly refused on the ground of prior adjudication.

The decree of the orphans' court is affirmed.