# Thaler Brothers *v.* Greisser Construction Company, Appellants.

*Mechanic's claim—Building contract—Arbitration by architect—Retention of certificate of approval—Good faith—Instructions of court.*

1. Where a subcontractor has entered into a contract with a construction company, the main contractor, to construct certain tubs for a brewery in course of erection, by the terms of which contract the construction company is expressly designated as "owner," and it is provided that the work shall be done "under the direction and to the satisfaction of the construction company, architect, acting for the purposes of this contract as the agent of the owner," with the further provision that "all payments shall be made upon written certificate of the architect that the payment has become due," and the real owner seeks to defend against a sci. fa. sur mechanic's lien for a balance due for work done on the ground that the work was deficient in several particulars and that the plaintiff has failed to produce a certificate from the architect that any balance is due, an instruction to the jury making the good faith of the construction company in withholding their approval of the work the test of the sufficiency of its defense is fair and proper.

2. Such a case in its facts is to be treated rather as one in which work or material is to be satisfactory to the party acquiring it, than as one in which it must be satisfactory to a third party designated as arbiter.

3. The physical production of the architect's certificate in such a case is not an absolute prerequisite to the right of recovery.

*Evidence—Verdict—Inference of feigned dissatisfaction.*

4. A verdict for plaintiff on sci. fa. sur mechanic's lien is sustained by evidence that the work was properly performed, that no specific reason was offered for the failure of the principal contractor to give a certificate of proper performance upon request, that after the completion of the work the owners expressed satisfaction with it and acknowledged their liability on several occasions, finding no fault at that

time, nor in fact till after the filing of the lien; and that certain of the appliances furnished were still in use after three years and giving no material trouble; which evidence if believed is sufficient to justify the conclusion that the dissatisfaction was feigned and that the certificate was arbitrarily withheld.

*Appeals—Res adjudicata.*

5. Where on a previous appeal the Superior Court has adjudicated the same question on practically the same facts, and it is clear that it understood the existence and use of a letter upon a reference to which by a witness under cross-examination the defendant rests its whole contention that the judgment of the appellate court should not be taken as a controlling guide, it is not error to treat the matter as finally disposed of, particularly so when the record discloses that the claim is probably an afterthought.

Argued Oct. 11, 1910. Appeal, No. 37, Oct. T., 1910, by defendant, from judgment of C. P. Butler Co., Dec. T., 1909, No. 234, on verdict for plaintiffs, in the case of August Thaler and William Thaler, copartners, trading as Thaler Bros., v. Wilhelm Greisser Construction Co., contractors, and the Butler Brewing Company, owners or reputed owners. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Sci. fa. sur mechanic's lien for balance of $1,370. Before GALBREATH, P. J.

The facts appear in the opinion of the Supreme Court.

Plaintiffs presented this point:

2. The Greisser Construction Company, being the architect, agent and contractor of the Butler Brewing Company, owner, its opinion and decision on all matters relating to work, material, alterations, etc., are not binding and conclusive unless the evidence in the case justified that conclusion. It cannot decide the matter arbitrarily, but must have sufficient reason therefor. *Answer:* Under the circumstances in this case the failure of the Greisser Construction Company to express its satisfaction with the work done by the plaintiffs, if such be the case, is not conclusive, if its failure or refusal was without reason and arbitrary, and in that account wrongful.

Defendants presented these points:

4. The alleged notice of plaintiffs to the owner of their intention to file a lien failed to attach thereto a copy of the specifications which were an essential part of the contract and without which the lien is invalid. *Answer:* Under the evidence in this case and the adjudication of the Superior Court this point is denied.

7. Under all the evidence in this case, the verdict should be for the defendants. · *Answer:* Refused.

The jury found a verdict for full amount of plaintiffs' claim, with interest on which judgment was entered.

*Errors assigned,* among others, were (1–3) the court's answers to points, as above.

*A. M. Neeper,* with him *C. L. McQuistion* and *J. R. D. Huston,* for appellants.—It is settled law that where in a building contract a condition precedent to the right to recover is that the work shall be done to the satisfaction of the architect, a contractor cannot recover except on showing a determination by the parties selected and in the manner specified: Monongahela Nav. Co. v. Fenton, 4 W. & S. 205; Lauman v. Young, 31 Pa. 306; Fulton v. Peters, 137 Pa. 613; Barclay v. Deckerhoof, 171 Pa. 378; Frederick v. Margwarth, 221 Pa. 418; Hostetter v. Pittsburg, 107 Pa. 419; Hartupee v. Pittsburg, 131 Pa. 535; Sicilian Asphalt Paving Co. v. Williamsport, 186 Pa. 256; Payne v. Roberts, 214 Pa. 568.

It is absolutely necessary that the plaintiff should allege the issuing of the certificate or that it was fraudulently withheld: McNally v. Montour R. R. Co., 33 Pa. Superior Ct. 51; Fay v. Lester Piano Co., 39 Pa. Superior Ct. 87; Hunn v. Penna. Institute, 221 Pa. 403.

*John M. Greer,* with him *Frank E. Lord, John B. Greer, Thomas H. Greer* and *John M. Greer & Sons,* for appellees.

OPINION BY MR. JUSTICE MOSCHZISKER, January 3, 1911:

This was a mechanic's lien proceeding in which Thaler Brothers, subcontractors, were plaintiffs, and the Butler Brewing Company, owner, and the Wilhelm Greisser Construction Company, contractor, were defendants. The verdict was for the plaintiffs for the full amount of their claim with interest, and the defendants have appealed.

The claim was founded upon a written contract dated September 25, 1902. Throughout this contract the plaintiffs are designated as "the contractor," and the construction company as "the owner;" and it is therein provided, "The contractor under the direction and to the satisfaction of Wilhelm Greisser Construction Company, architects, acting for the purpose of this contract as agents of the said owner, shall and will provide all the materials and perform all the work mentioned in the specifications and shown on the drawings prepared by the said architects for the eleven (11) pressure tubs for the Butler Brewery, Butler, Pa., delv. and set up, as per specifications at above Brewery, which drawings and specifications are identified by the signatures of the parties hereto." It is also provided: "The architects shall furnish to the contractor such further drawings and explanations as may be necessary to detail and illustrate the work to be done," and "It is hereby mutually agreed . . . . that the sum to be paid by the owner to the contractor for said work and material shall be $2,750. . . . All payments shall be made upon written certificates of the architects to the effect that such payments have become due." Further, "It is . . . . agreed . . . . that no certificates given or payments made under this contract except the final certificate or final payment shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper material."

The plaintiffs claimed that their work had been properly performed and that a balance of $1,370 was due and unpaid. In addition to a defense that the tubs were deficient in several particulars, which defense was correctly and fairly submitted to the jury, the defendants contended on other grounds that the plaintiffs should not be allowed to recover.

The plaintiffs failed to produce a certificate from the architects that the balance claimed was due them. Their testimony was that while they had received payments on account during the progress of the work, they had never received a certificate from the architects; that upon the completion of the work they made a demand for such a certificate; that the certificate was not given, but at that time the construction company sent them a check for $500 on account, which check was returned marked "no funds;" and that no fault had been found with their work or material until after the filing of the mechanic's lien. No specific reason appears to have been assigned for the failure or refusal to give the certificate. The plaintiffs showed that after the completion of the work the head brew-master of the brewery expressed satisfaction with the tubs in the presence of Mr. Greisser, a representative of the construction company, and of Mr. Smith, the president of the brewing company; and that Mr. Greisser made no complaint at that time; that in point of fact Mr. Greisser had never made any complaint, although Mr. Smith in 1904 after the filing of the lien said for the first time that "the tubs was not good." One of the plaintiffs testified that in 1903 prior to the filing of the lien, in an effort to secure the money due them, he had met Mr. Greisser and had been referred by him to Mr. Smith who said he would not "pay out money until Mr. Greisser gets through completely," but found no fault with the work and offered the witness "two $1,000 second mortgage bonds for the brewery for our amount that was due the Greisser Construction Company;" that at a later date subsequent to the filing of

the lien, when the brewery was running and the tubs were in use, the witness again saw Mr. Smith who told him "that he had $2,700, holding back from the Greisser Construction Company and said that I would have to get the money from them and that they would pay Mr. Greisser just as soon as he got through with the buildings and the contractors;" Smith then for the first time said that "some of the tubs down there had worm-holes in them." The tubs are still in use at the brewery, and one of the witnesses for the defense stated that they had not had any material trouble with them for the last three years.

The trial judge instructed the jury that if the declaration of dissatisfaction by the construction company was made in good faith, it was a sufficient defense and the plaintiffs could not recover; on the other hand, if it was not made in good faith, but was merely an arbitrary expression of dissatisfaction for the purpose of avoiding payment of the balance due on the contract, then it would not be a good defense.

In considering these instructions, it is to be borne in mind that the lien was not filed under a contract between the brewing company, the real owner, and the construction company, the main contractor, but under a contract between the latter company and the plaintiffs in which the brewing company is nowhere referred to as the owner. On the contrary the construction company is expressly designated as owner, and it is provided that the work shall be done "under the direction and to the satisfaction of Wilhelm Greisser Construction Company, architects, acting for the purpose of this contract as agents of said owner." In other words for the purposes of the contract the construction company was the owner, the agent of the owner and the architect.

In Pennsylvania two classes of cases involving contracts requiring satisfactory performance have given rise to two lines of decisions, the first of which is most aptly illustrated by Singerly v. Thayer, 108 Pa. 291, and the

other by Payne v. Roberts, 214 Pa. 568. The former of these cases lays down the rule to be applied where the work or material is to be satisfactory to the party acquiring it, and the latter where it must be satisfactory to a third party designated as arbiter. Under the first rule the question for determination is not as to whether or not the one complaining ought to be satisfied, but solely as to the good faith of the dissatisfaction alleged. "To justify a refusal to accept . . . . on the ground that it is not satisfactory, the objection should be made in good faith. It must not be merely capricious:" Singerly v. Thayer, 108 Pa. 291; followed in Krum v. Mersher 116 Pa. 17; Seeley v. Welles, 120 Pa. 69; Sidney School Furniture Co. v. Warsaw School District, 130 Pa. 76; Howard v. Smedley, 140 Pa. 81; Adams Radiator, etc., Works v. Schnader, 155 Pa. 394. Under the second rule it is not a question of the good faith of the dissatisfaction alleged; there, in order to maintain the action the claimant must show that the expression of dissatisfaction was the result of fraudulent collusion between the arbiter and the owner: Payne v. Roberts, 214 Pa. 568. Also see Pittsburg Terra-Cotta Lumber Co. v. Sharp, 190 Pa. 256; Brown v. Decker, 142 Pa. 640; Hostetter v. Pittsburg, 107 Pa. 419; Reynolds v. Caldwell, 51 Pa. 298; McNally v. Montour R. R. Co., 33 Pa. Superior Ct. 51.

In the present case, while the mere fact that the construction company had a direct interest in the matter in controversy would not debar it from acting as a designated arbiter (Monongahela Navigation Co. v. Fenton, 4 W. & S. 205), the fact that it was the owner for the purposes of the contract and the architect who was to act as the arbiter and issue the certificates, coupled with the circumstance that it was the party with whom the plaintiffs were actually contracting, makes this an instance where the first rule is applicable rather than the second. Owing to the different relations in which the construction company stood toward the plaintiffs, the character of its alleged dissatisfaction and the failure to give the cer-

tificate were bound together as one question, the determination of which turned upon the finding of the jury as to the company's good faith in withholding its approval of the tubs; and that issue was fairly and properly submitted to the jury.

It only remains to determine whether there was sufficient evidence to sustain the jury's finding in favor of the plaintiffs. While much of the evidence to which we have heretofore referred was denied by the defendants, yet the credibility of the witnesses was for the jury, who had a right to draw their own inferences. We cannot say that there was not sufficient evidence to justify the conclusions that the dissatisfaction alleged was feigned for the purpose of avoiding payment under the contract and that the certificate was arbitrarily withheld. The physical production of the final certificate was not an absolute prerequisite to the right of recovery: Hunn v. Pennsylvania Institution for Instruction of the Blind, 221 Pa. 403.

Although there was testimony introduced on both sides concerning the alleged defects in the tubs, the defendants made no claim for reduction of damages as in Stutz v. Coal & Coke Co., 131 Pa. 267, and Loeper v. Haas, 24 Pa. Superior Ct. 184. The defense was placed upon the issues already disposed of and upon one other ground which we shall now consider.

The defendants contended that the notice of the lien and the lien itself were invalid owing to the absence of certain specifications. This question was raised on a former trial and adjudged in favor of the defendants; but on appeal to the Superior Court the judgment was reversed: Thaler v. Greisser Construction Co., 40 Pa. Superior Ct. 331. The defendants insist that the decision of the Superior Court was not based on the facts as they now appear in the case. They contend that the specifications that should have been attached to the notice and to the lien were not those specially referred to in the contract, but were certain other specifications contained

in a letter written by the construction company to the plaintiffs.

It is true that on cross-examination one of the plaintiffs was made to refer to the contents of this letter as the specifications. Upon this testimony the defendants rest practically their whole contention that the judgment of the Superior Court on the point in question should not have been taken as a controlling guide by the trial judge. However, when we look at the opinion it is clear that the Superior Court had the facts substantially as they appear before us and that they fully understood the existence of this letter and the use to which it had been put. Furthermore, in the affidavit of defense which was offered in evidence the only complaint concerning the absence of specifications alludes specifically to those referred to in the contract, a copy of which specifications the defendants annexed to the affidavit; the defendants offered this contract in evidence calling special attention to the provision that the materials were to be furnished and the work done as per the specifications mentioned therein; and we find upon the record a motion to strike off the lien because of the absence of these particular specifications.

It appears as if the claim that the contents of this letter comprised the specifications must have come to the defendants as an afterthought. However this may be, we feel that the trial judge committed no error in treating the matter as finally disposed of on the former appeal.

On a careful consideration of the entire record we find no reversible error. The assignments are all overruled and the judgment is affirmed.