# Lafferty's Estate.

*Courts—Judgments—Res adjudicata.*

The judgment of a proper court, being a sentence or conclusion of law upon the facts contained within the record, puts an end to all further litigation on account of the same matter, and becomes the law of the case, which cannot be changed or altered, even by the consent of the parties, and is not only binding upon them, but upon courts and juries ever afterwards, as long as it shall remain in force and unreversed. Lafferty's Est., 209 Pa. 44, reaffirmed.

Argued Jan. 5, 1911. Appeal, No. 169, Jan. T., 1910, by the Philadelphia Trust, Safe Deposit & Insurance Company, executors of Rose E. Carr, deceased, from decree of O. C. Philadelphia Co., Oct. T., 1886, No. 587, dismissing exceptions to adjudication in estate of Charles Lafferty, deceased. Before FELL, C. J., BROWN, METREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Reversed.

Exceptions to adjudication. Before LAMORELLE, J.

The facts appear in the opinion of the Supreme Court and in Lafferty's Estate, 209 Pa. 44.

*Error assigned* was in dismissing exceptions to adjudication.

*E. O. Michener,* with him *Jacob Snare,* for appellant.

*Eli Kirk Price,* with him *Walter Willard* and *Loughlin & Bracken,* for appellees.

OPINION BY MR. JUSTICE POTTER, February 27, 1911:

In Lafferty's Estate, 209 Pa. 44, this court affirmed the

decree of the orphans' court, by which the share of the annuity to which under the will of her grandfather, Rose E. Carr would have been entitled if living, was awarded to her executor. That decision necessarily involved the determination of the question whether or not the will of Francis Lafferty was a valid exercise of the power of appointment given to him in the will of his father. After the lapse of some six years, precisely the same question, in the same estates, under the same wills, is again presented by the decree from which the present appeal is taken.

The decision in Lafferty's Estate, 209 Pa. 44, became the law of the case, and stands as such. It must be accepted as a final adjudication of the question involved. In Bolton v. Hey, 168 Pa. 418, Chief Justice STERRETT referring to a former ruling in the same case, says (p. 421): "That judgment thus became the law of the case, and having never been reversed or set aside, it is still the law of that case, notwithstanding a different rule of construction may have been since applied, with a different result, to contracts of like tenor and effect. As was said by Mr. Justice KENNEDY in Marsh v. Pier, 4 Rawle, 273, 289, the 'judgment of a proper court, being a sentence or conclusion of law upon the facts contained within the record, puts an end to all further litigation on account of the same matter, and becomes the law of the case, which cannot be changed or altered, even by the consent of the parties, and is not only binding upon them, but upon courts and juries ever afterwards, as long as it shall remain in force and unreversed.'" This language is cited with approval by Mr. Justice DEAN in Bell v. Allegheny County, 184 Pa. 296, and he adds the following from the same case (p. 306): "A contrary doctrine, as it seems to me, subjects the public peace and quiet to the will or neglect of individuals, and prefers the gratification of a litigious disposition on the part of suitors, to the preservation of the public tranquillity and happiness." The same doctrine is reasserted in Allen v. Text Book Company, 201 Pa. 579, and in Pulaski Avenue, 220 Pa. 276.

The assignments of error are sustained, and the decree of the orphans' court is reversed in so far as it awards income to the minor children of Rose E. Carr, and it is ordered that the said income be awarded to the executor or trustee, under the will of Rose E. Carr, deceased.