## Welker v. Hazen, Appellant.

*Trespass—Suit for alienation of affections—Evidence—Charge of court—Answer to points—Remarks of counsel.*

1. In the trial of an action for the alienation of the affections of plaintiff's wife, evidence that plaintiff had been attentive to another woman more than three years after the alleged wrong was committed, and after the beginning of his action, is irrelevant, and was properly excluded.

2. It is not error for the court in affirming a point reciting facts to instruct the jury that they should take into consideration not only the matters stated in the point, but all other facts and circumstances established by the evidence.

3. An alleged objectionable remark of counsel cannot be considered by the Supreme Court, where there was no motion to withdraw a juror and continue the case.

4. Where there is no omission or instruction in a charge to the jury that calls for a disturbance of the judgment, the case will not be reversed because the charge did not recite the evidence in detail.

*Practice, Supreme Court—Points previously decided.*

5. Upon a second appeal to the Supreme Court, points decided upon the first appeal will not be re-considered.

Argued Oct. 7, 1914.    Appeal, No. 208, Oct. T., 1914, by defendant, from judgment of C. P. Lawrence Co.,

June T., 1911, No. 8, on verdict for plaintiff, in case of F. E. Welker v. E. E. Hazen. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for alienation of affections. Before PORTER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Errors assigned* are explained in the opinion of the Supreme Court.

*J. N. Martin,* of *Martin & Martin,* with him *J. Sharp Wilson* and *J. W. Rhodes,* for appellant.

*C. H. Akens,* of *Akens, Wilkison, Lockhart & Chambers,* with him *Jas. A. Chambers,* for appellee.

OPINION BY MR. JUSTICE BROWN, January 2, 1915:

Two juries have found that the appellant alienated the affection of appellee's wife. On his appeal from the judgment entered against him on the first verdict he assigned twenty-six errors. After a careful examination of the matters to which they directed our attention, we were satisfied that the case had been well tried, and, but for an incautious remark of the trial judge in answering points submitted by the defendant, would have affirmed the judgment: Welker v. Hazen, 242 Pa. 603. On this appeal there are but seven assignments. The first and second relate to matters covered by the third, fourth, sixth, seventh, eighth and ninth assignments, which were overruled on the former appeal. We ought not to be asked to reconsider the same questions. On the oral argument counsel for appellant were asked to confine themselves to such features of the case as had not been

considered on the first appeal. The first and second assignments are dismissed.

The excluded offer which is the subject of the third assignment was to show that, in November and December, 1913, and January, 1914, the plaintiff had been attentive to a Mazie Dix. Suppose he had; the wrong which the jury found had been perpetrated upon him by the defendant was committed in the spring or summer of 1910, or more than three years before his alleged attention to Miss Dix. His right to recover was for the injury which he suffered in 1910—the loss of the consortium of his wife. That he long thereafter may have been attentive to another woman threw no light upon his right to bring his action back in 1911, and in no manner affected the question of the damages to be allowed. His attention to another woman did not bring back to him what he had lost more than three years before.

By defendant's eleventh point the court was asked to instruct the jury that, if they found certain facts to be as stated in the point, they would be justified in concluding that this action was being prosecuted without just cause, in pursuance of an arrangement between the plaintiff and his wife. After affirming the point, which was somewhat involved, the learned trial judge added what was a mere explanation to the jury, that it was their duty, in passing upon the good faith of the plaintiff in bringing and prosecuting his action, to take into consideration not only the matters stated in the point, but all other facts and circumstances established by the evidence. This was neither erroneous nor objectionable, but entirely proper, as it was intended to prevent the jury's misapprehension of the point: Sopherstein v. Bertels, 178 Pa. 401.

As to the alleged objectionable remarks attributed to counsel for plaintiff by the fifth assignment, it is sufficient to say that, at the time they were uttered, no motion was made to withdraw a juror and continue the case. Counsel for defendant, now complaining of them,

allowed the address to proceed without interruption, taking the chance of a favorable verdict. In their disappointment as to this there is, under the circumstances, no help for them, even if counsel for plaintiff exceeded proper bounds in arguing his case to the jury.

Another complaint of the appellant is that the charge, which has been assigned as a whole as error, was inadequate. While the evidence was not recited in it in detail, there is not an omission or instruction in it that calls for a disturbance of the judgment.

All of the assignments of error are overruled and the judgment is affirmed.