Allen et al. v. Pennypacker et al., Appellants.

496

Argued November 26, 1930.   Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*Harry Shapiro,* for appellants.

*Frysinger Evans, Edgar C. Van Dyke* and *D. P. Hibberd,* for appellees, were not heard.

OPINION BY MR. JUSTICE KEPHART, January 5, 1931:

This is an appeal from a decree directing an attachment to issue against appellant for failure to comply with the terms of a final decree.  The reason assigned for reversal is that appellant does not come within the exception in the Act of July 12, 1842, P. L. 339, there-

fore he may not be imprisoned for failure to comply with a money decree. The act would apply unless it appears that appellant is within the exception: Ross v. Dever, 298 Pa. 146, 149.

The case was here before (Allen et al. v. Sarshik, 299 Pa. 257), when we disposed of the questions raised by the final decree. We said that there was sufficient evidence to find that appellant had obtained title to the leases and apartment houses as well as to the money by fraud, and that he was a trustee ex maleficio of the fund in his possession, legally bound to pay appellee $7,845.53. While it is true the court will look beyond the form into the real nature of a transaction in determining whether an attachment of the person is a proper remedy, that duty was performed in the first appeal; we there determined appellant to be a trustee ex maleficio. These findings are conclusive in this appeal. The only question open is whether a trustee ex maleficio is within the exceptions in the Act of 1842.

We held in Chew's App., 44 Pa. 247, 251, that "The legislature may well be supposed to have used the word contract in its common signification, and not to have had in view a breach of trust, always considered a greater wrong than a mere breach of promise to pay. But if this is not so, there is an exception in the act which makes it clear that it was not designed to exempt trustees from liability to attachment. It is of arrests 'in proceedings as for contempt to enforce civil remedies.' Such arrests are expressly declared not to be within the operation of the act, or prohibited by it." This case was followed by Church's App., 103 Pa. 263; Wilson v. Wilson, 142 Pa. 247; Colburn v. Colburn, 279 Pa. 249, and Ross v. Dever, supra, which reaffirm the principles there stated. In Duff v. McDonaugh, 2 Pa. Superior Ct. 373, 377, it was stated "a trustee, created in the ordinary way, can be compelled by attachment to pay the costs in a suit wherein he had been convicted of unfaithfulness in discharging his duties; for a stronger

reason should a trustee ex maleficio guilty of actual fraud persisted in to the end......be liable to a like process." While the decree for the payments of costs takes its character from the main decree, the case is authority for the proposition stated: Messmore's Est., 293 Pa. 63, 69; Com. ex rel. Di Giacomo v. Heston, 292 Pa. 63, 68.

Morrison v. Blake, 33 Pa. Superior Ct. 290, however, is more like the present case. There the trust arose from an assumption of a certain relation by a deed by which Blake, the trustee, received money which was to be turned over to another. The assumption in the instant case was just as voluntary and was not predicated on a contract which Sarshik executed any more than Blake's. Equity will use Sarshik's position in any way that is necessary to effect justice when fraud is the foundation of Sarshik's acts. See Com. ex rel. v. Heston, supra.

In the instant case an attachment was issued against a trustee ex maleficio. It may be the trust grew out of a contract between Allen and the "straw man" and between them it may be akin to a proceeding for specific performance, yet as to the matter now considered, Sarshik was a third party constructive trustee; it is not within the spirit of the Act of 1842 to prevent arrest of constructive trustees for breach of duty involving fraud; they are specifically excepted from its operation: Chew's App., supra; Church's App., supra.

Cases cited by appellant relevant to the dissolution of a partnership and the like are not in point as they involve the elements of contract solely: Ross v. Dever, supra, 150. The obligation of a trustee grows out of a duty imposed by law, not merely a duty imposed by contract. The breach of that duty by a trustee is a greater wrong to society than the failure to perform a duty or a promise to pay which grows out of a contract. In this case, through appellant's fraud, valuable leases were assigned, and appellant misappropriated funds received

for a specific purpose. The court below did not commit error in directing attachment to issue when appellant failed to comply with that order.

## Appeal No. 291.

This appeal following the preceding one is in relation to the same subject-matter and the objection is to the finding of the court below on the rents collected. It is urged by appellant that appellee, while conveying his property, gets the benefit of the thing conveyed when he received the rents. Sarshik is in no position to make complaint. He was a trustee agreed on to receive the rents for the specific purpose of liquidating interest and taxes, and reducing prior mortgages for the benefit of appellee. Where the only assignment of error is to the final decree, the findings of fact supporting the decree are not challenged: Atlas Portland Cement Co. v. American Brick and Clay Co., 280 Pa. 449, 452. The decree followed the findings and, as the legal position of the parties was determined in the first appeal, the decree as a matter of law was correct. Equity will not permit Sarshik to enjoy the fruits of his fraud.

The decrees of the court below in both cases are affirmed at appellant's cost.