598

## Bonfitto v. Bonfitto

*Philip Ruggiero,* for plaintiff.

*Edward J. Danser,* for defendants.

WOODRING, J., January 3, 1956.—This case comes before the court on defendants' motion for judgment on the pleadings. The pleadings consist of plaintiff's complaint in trespass, defendants' answer and new matter and plaintiff's reply to new matter. The parties to the action are brothers and the alleged accident occurred March 19, 1952. At that time Antonio was the owner of an automobile which was driven by Joesph, and which automobile backed into Marco, plaintiff, causing certain personal injuries, especially to his left foot. The complaint was filed in the prothonotary's office September 22, 1954, more than 30 months after the accident.

Defendants filed a responsive answer and under the heading of new matter aver:

"14. Plaintiff's cause of action accrued on March 19, 1952, which is more than two years prior to the institution of this action and is barred by the Act of June 24, 1895, P. L. 236, Section 2, 12 Purdon's Statutes, Section 34."

Plaintiff's reply to the new matter alleges:

(a) Several months after the accident defendants' representative called upon plaintiff and promised that he would be compensated for his injuries.

(b) Defendants' representative requested plaintiff to communicate with him after plaintiff's complete recovery.

(c) Defendants knew of plaintiff's cause of action and will not be prejudiced by a waiver of the application of the statute of limitations.

The case was reached for trial at which time the parties entered a stipulation that the testimony to be taken should be limited to the question of whether defendants should be estopped in raising the defense of the statute of limitations. Plaintiff testified that following the accident of March 19, 1952, Edgar T. Bell, who called himself an adjuster for Farm Bureau, visited plaintiff in May or June of 1952, and that Mr. Bell told plaintiff: "Take care of the foot. Come see me . . . when Dr. Johnson discharge you." The next visit was three months later, August or September 1952, and plaintiff testified that the only conversation was Mr. Bell's inquiry about plaintiff's foot. Mr. Bell visited a third time, October or November 1952, at which time plaintiff testified Mr. Bell said: "Take care of foot. When Dr. Johnson discharge, you come see me up at the office. I no come around no more".

The statute of limitations in personal injury cases, Act of June 24, 1895, P. L. 236, 12 PS §34, reads:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time the injury was done and not afterwards; . . ."

Because of the public policy, or the reason behind the rule, the courts have construed the language of the statutes of limitations strictly. Only in clear cases of

fraud or concealment has defendant been estopped from invoking the bar of the statute: Plazak v. Allegheny Steel Co., 324 Pa. 422, 188 Atl. 130; Schwab v. Cornell, 306 Pa. 536.

In the instant case we find no fraud nor concealment. A Mr. Bell, allegedly a representative of defendants' insurance carrier, but doubtless without any knowledge of or authority from defendants, asked plaintiff how his injuries were and said: "Take care of the foot". "Come see me when Dr. Johnson discharge you". It is to be noted that Mr. Bell did not say: "We are legally liable for your expenses", or, "We will compensate you for your injuries". More than that, however, Mr. Bell's last visit was October or November of 1952, 19 or 20 months before the expiration of the statutory period for the institution of suit. On that occasion plaintiff admits that Mr. Bell said: "I no come around no more". In other words, Bell did not deceive plaintiff or lure him into the belief that Bell would continue to call. In our opinion it was the duty of plaintiff, under all the facts and circumstances of the case, to have properly informed himself and to have instituted suit within the statutory period: Patton v. Commonwealth Trust Co., 276 Pa. 95; Turtzo v. Boyer, 370 Pa. 526, 88 A. 2d 884.

Plaintiff relies upon Gieder v. Philadelphia Transportation Co., 3 D. & C. 2d 135. That suit was to recover damages for personal injuries suffered by a minor. Defendant's representative allegedly told the minor's father that defendant " 'would pay for everything' ". Defendant's representative called upon plaintiff regularly during the two year period of limitations and within two months of the end of that period. He obtained from plaintiff written authority to examine hospital records and bills and he told plaintiff that since the claim grew out of injuries to a minor, the ordinary statute of limitations did not apply. In that

case the court held that such representations made by defendant's agent estops defendant from raising the statute of limitations. Comparing the facts of the Gieder case with those of the case at bar, it is immediately apparent that the Gieder decision is not binding on us. In the instant case defendants never committed themselves to pay anything, gave fair warning that they would not call upon plaintiff again and did not misrepresent the law of the statute of limitations.

*Order .*

And now, this January 3, 1956, upon consideration of defendants' motion for judgment on the pleadings, it is hereby adjudged, ordered and decreed that said motion be and the same is made absolute, and it is directed that judgment be entered for defendant and against plaintiff, and the evidence taken upon the trial is certified and filed and made part of the record.