Bonfitto, Appellant, *v.* Nationwide Mutual Insurance Company.

Argued March 20, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*William C. Cassebaum,* with him *Thomas Arcorace,* for appellant.

*James B. McGiffert,* with him *Fackenthal, Teel & McGiffert,* for insurance company, appellee.

*Edward J. Danser,* with him *Danser & Brose,* for individual appellee.

OPINION BY WRIGHT, J., June 15, 1961:

This is an appeal from the entry of judgment n.o.v. in favor of the defendants after a verdict for the plaintiff in an assumpsit action. The factual situation appears in the following excerpt from the opinion of Judge WOODRING for the court en banc:

"The facts of the case begin with the three Bonfitto brothers. On March 20, 1952, Joseph, while driving Antonio's car, allegedly backed over Marco's foot. Antonio was insured by Farm Bureau Insurance Company, now known as Nationwide Insurance Company. Shortly after the accident in the spring of 1952, Edgar Bell, an adjuster for Nationwide visited Marco and allegedly told him not to worry, that his Company would pay for Marco's loss up to $10,000.00. Bell also visited Marco in the summer of 1952 and in November of 1952, at which latter time he again allegedly assured Marco that the Company would pay and that Marco should come to Nationwide's office when he had been discharged by his doctor. The doctor, an orthopedic surgeon of unquestioned integrity and repute, testified that he never discharged Marco. The latter, however, testified that he was discharged on June 3, 1954 and on the same day went to see Bell. Bell refused to make any payment and pointed out that the period of the statute of limitations had expired on March 20, 1954.

"On September 23, 1954, Marco brought an action in trespass against Antonio and Joseph for the injuries sustained. Antonio and Joseph pleaded under New

Matter that the two-year statute of limitations barred the action. Marco replied that a representative of Antonio and Joseph had promised him that he would be compensated and that Marco, relying on said promise, did not institute suit, and that Antonio and Joseph should not be permitted to employ the defense of the statute of limitations. When the case was called for trial the parties agreed that the foregoing issue should be preliminarily heard and determined by the judge on a motion for judgment on the pleadings.

"Testimony was taken and the question was argued. The judge found that Bell had never committed the Company to pay anything and had not misrepresented the law of the statute of limitations; and, further, that it was the duty of Marco (under the circumstances) to have properly informed himself and to have instituted suit within the statutory period. Bonfitto v. Bonfitto, 10 Pa. D. & C. 2d 598. This judgment was affirmed by the Supreme Court per curiam on the trial judge's opinion. 391 Pa. 187, 137 A. 2d 277.

"In May, 1959, more than seven years after the accident, Marco brought suit against Nationwide and Bell (1) in assumpsit, on the basis of a promissory estoppel, and in the alternate (2) in trespass, against Bell for deceit. At a pre-trial conference before WILLIAM G. BARTHOLD, P. J., plaintiff announced that he would not pursue this latter claim. Defendants pleaded under New Matter the six-year statute of limitations. The court submitted the case to the jury and instructed it that the basic issue was whether Bell made the promise. The jury found for Marco in the sum of $3,564.00. Defendants have moved for judgment n.o.v. on the grounds: (1) that the issue had already been determined in a prior action, and (2) that the statute of limitations had run".

We agree with the result reached by the court en banc, but for a different reason. Notwithstanding the

statement in the opinion below that defendant-appellees "can take no shelter or consolation from the determination and judgment of the prior action", it is our view that the prior action did determine the issue involved on this appeal. We therefore deem it unnecessary to discuss the question of the statute of limitations in actions of assumpsit based on promissory estoppel.[1]

In the prior case, under the heading of new matter, defendants pleaded that the trespass action instituted by Marco Bonfitto, this appellant, was barred by the two-year statute of limitations. Marco replied that, because of Bell's promises, the defendants were estopped from interposing the statute as a defense. The court held as a matter of law that estoppel had not been established, expressly stating that "defendants never committed themselves to pay anything, gave fair warning that they would not call upon plaintiff again, and did not misrepresent the law of the statute of limitations". Precisely the same issue was involved in the instant case, which concerns the same actors, the same circumstances, and the same conversations. No evidence was submitted at the trial of the present case which would in any way change the prior determination. The court en banc mentioned, inter alia, the principles of stare decisis, law of the case, and res judicata,[2] but concluded that they were not applicable. It is our

---

[1] The court below rejected the contention of the defendant-appellees that the period of the statute commenced on the date of Bell's promise in November, 1952. It also rejected the contention of the plaintiff-appellant that the statute did not begin to run until there had been a breach of the promise. The court below concluded that the equitable answer lay somewhere between these two contentions, that the statute commenced to run "at the expiration of a reasonable time after Bell's promise", and that the action in the instant case was not within a reasonable time.

[2] These principles are defined and distinguished in *Burke v. Pittsburgh Limestone Corp.*, 375 Pa. 390, 100 A. 2d 595.

view to the contrary that the determination of the prior action established the law of the case. We cannot countenance such an obvious inconsistency between the two results.

In affirming the judgment on the earlier appeal, *Bonfitto v. Bonfitto,* supra, 391 Pa. 187, 137 A. 2d 277, the Supreme Court adjudicated the same question here presented and the matter should be treated as finally disposed of. See *Thaler Brothers v. Greisser Construction Co.,* 229 Pa. 512, 79 A. 147. Matters passed upon at a prior appeal will not be reconsidered on second appeal: *Creachen v. Bromley Brothers Carpet Co.,* 214 Pa. 15, 63 A. 195. Where the record shows no question that was not decided on a former appeal, the second appeal will be dismissed on the ground of prior adjudication: *McMahon's Estate,* 215 Pa. 10, 64 A. 321. A former judgment puts an end to all further litigation on account of the same matter and becomes the law of the case which cannot be changed or altered: *Lafferty's Estate,* 230 Pa. 496, 79 A. 711. Points decided upon a first appeal will not be reconsidered on a second appeal: *Welker v. Hazen,* 247 Pa. 122, 93 A. 173. A previous decree affirmed on appeal is conclusive: *Allen v. Pennypacker,* 302 Pa. 495, 153 A. 734. The appellate court in a new proceeding will not reexamine and reverse a decision in a prior proceeding in which the same parties, subject matter and issues were before it: *Girard Trust Co. v. Philadelphia,* 359 Pa. 319, 59 A. 2d 124.

In brief, since this appellant, as a matter of law, was unable in the earlier trespass case to establish such an estoppel as would prevent the running of the statute of limitations, he may not effect a contrary result by belatedly instituting an action in assumpsit based on the same theory. Application of the rule of the law of the case prevents reconsideration of the question of estoppel previously decided adversely to his present con-

tention. See *Commonwealth v. Binenstock,* 366 Pa. 519, 77 A. 2d 628.

Judgment affirmed.

———

DISSENTING OPINION BY FLOOD, J.:

The court below held, I think correctly, that since res judicata had not been pleaded, the only matter before it was the application of the Statute of Limitations. See *Lang v. Recht,* 171 Pa. Superior Ct. 605, 91 A. 2d 313 (1952). Both counsel acquiesced in this and in their briefs and their oral argument addressed themselves only to the proper determination of the date from which the statute began to run.

The majority opinion has not discussed the question of the Statute of Limitations but has rested this court's decision upon the law of the case. I respectfully dissent.

The Procedural Rules do not require the "law of the case" to be specifically pleaded. There are two reasons why this defence need not be pleaded while res judicata must be, and these are the very reasons why it is not applicable to this case.

(1) The defence of the law of the case arises always at a later stage of the case (*Reamer's Estate,* 331 Pa. 117, 122, 200 A. 35 (1938)), quite frequently after the pleadings have been made up, and is based upon something decided earlier in that same case. Res judicata, on the other hand, is a defence that exists when the suit is begun and is based upon something decided earlier in a different case. *Burke v. Pittsburgh Limestone Corp.,* 375 Pa. 390, 100 A. 2d 595 (1953). For this reason law of the case generally cannot be pleaded. Res judicata always can be.

(2) Whether the defence of the law of the case is a bar can be determined from the record of the case be-

fore the court as it exists when the defence is raised. There is no need to bring anything upon the record by way of pleading or proof. Res judicata, on the other hand, must be determined from the record of a different case which must be brought before the court by pleading and decided upon the basis of proof, if the first case was in a different court, or judicial notice, if in the same court. The fact that the earlier suit was in the same court here, so that judicial notice takes the place of proof, does not eliminate the necessity of a pleading.

Here we have two different cases. While the plaintiff is the same, the defendants are different, the issues are entirely different, and the causes of action are entirely different. We are at a loss to see upon what basis the two cases can be considered as one.

The defendants in the one case are the tortfeasors, while the defendants in the second are the insurer and its agent. The inflexibility with which our cases keep insured and insurer separate is one of the striking features of Pennsylvania law. Unlike some other jurisdictions, we do not permit the joinder of the insurer in a tort case as an additional defendant as liable over. Goodrich-Amram, §2252-(a)-7. The theory of our cases is that the cause of action of the defendant against the insurer is not the cause of action sued on by the plaintiff. How then can we say that we are dealing with the same case here?

Indeed, the majority does not say that we are dealing with the same case. What it does say is that the determination of the prior action established the law of this case. I respectfully submit that none of the cases cited by the majority is authority for this proposition. Four of these cases involve not a decision in an earlier case but a second appeal in the same case, on another phase of that case. *Creachen v. Bromley Brothers Carpet Co.*, 214 Pa. 15, 63 A. 195 (1906);

*Lafferty's Estate,* 230 Pa. 496, 70 A. 711 (1911) ; *Welker v. Hazen,* 247 Pa. 122, 93 A. 173 (1915) ; *Allen v. Pennypacker,* 302 Pa. 495, 153 A. 734 (1931).

The other cases were true res judicata cases. But none of them involved the pleading question raised here. In *Burke v. Pittsburgh Limestone Corp.,* supra, res judicata was pleaded. In two of the cases res judicata was relied upon by the plaintiff, not the defendant, and the prior decision was pleaded, in one instance in the statement of claim, and in the other, a mechanics' lien case, in the answer to a rule to amend the sci. fa. *Girard Trust Co. v. Philadelphia,* 359 Pa. 319, 59 A. 2d 124 (1948) ; *Thaler Bros. v. Greisser Construction Co.,* 229 Pa. 512, 79 A. 147 (1911). Finally, *McMahon's Estate,* 215 Pa. 10, 64 A. 321 (1906), was an appeal from the Orphans' Court where pleadings are relatively informal and the matter of res judicata can be relied upon without being pleaded.

It is clear then, it seems to me, that there can be no defense here based upon the law of the case. In fact, in view of the lack of identity of the parties and the subject matter, I do not believe the defence of res judicata could properly be sustained even if pleaded. But since it was not pleaded, the question is not even before us.

The court emphasizes that when the plaintiff was testifying in the tort suit as to his conversations with Bell, he did not mention the fact that Bell made the promise upon which he relies here. This may well affect the credibility of the plaintiff but it was for the jury in this case and they found in his favor.

It is to be noted that the totality of the conversations between the plaintiff and Bell, testified to in both suits, is insufficient to estop the defendants in the tort suit from raising the bar of the statute in that suit. The promise and the misrepresentation, if any, were made by the agent of the insurer, not by the agent of the de-

fendants in the tort suit, and they could not bind the latter. All that such promise or misrepresentation, made by the insurer to the plaintiff, could do is give the plaintiff a cause of action upon the promise against the promisor, the insurer. It could in no way affect the right of the tort defendants to plead the statute or any other right of the defendants in the tort suit.

Ordinarily nothing done by the insurer is binding upon the defendant until the latter ratifies it. It is not easy, ordinarily, to find an agency relationship between insured and insurer, even in efforts at adjustment or settlement. 2 Couch, Cyclopedia of Insurance Law, §458. Certainly in this case there is no evidence of such agency relationship between Bell and the tort defendants.

All that was decided in the case of *Bonfitto v. Bonfitto,* 10 Pa. D. & C. 2d 598, affirmed, 391 Pa. 187, 137 A. 2d 277 (1958), was that nothing said by Bell affected the right of the Bonfittos to plead the Statute of Limitations. The opinion pointed out that Bell was "doubtless without any knowledge of or authority from defendants". Nothing in that opinion dealt with the possible liability of the insurance company to the plaintiff because of Bell's statements.

The decision in the trespass case of *Bonfitto v. Bonfitto,* supra, that plaintiff's conversation with Bell did not estop the tort defendants from pleading the statute, cannot, on the theory of res judicata, preclude the plaintiff from recovering on the promise on the basis of his conversations with Bell in the case of *Bonfitto v. Nationwide Insurance Co.* Much less is it the "law of the case" in the latter suit.

The majority deplores what it regards as an obvious inconsistency between the two results. But inconsistency is an every day incident of our legal system where juries find different and inconsistent verdicts with respect to the same facts where different parties are suing

with reference to the same acts of negligence, the same documents or the same oral agreements in different courts, or even in different suits in the same court.

The integrity of our fact-finding system, including our jury system, requires us to put up with occasional inconsistency, much as we deplore it. The real question with which justice should be concerned in such situations is which of the inconsistent results is correct. This cannot be infallibly determined by any rule of thumb like the "law of the case", always favoring the earlier decision over the later one, or the decision of a judge over the verdict of a jury. It is perhaps for this reason that our Supreme Court has said, with regard to this doctrine, in *Reamer's Estate,* supra, at p. 122, and repeated in *Burke v. Pittsburgh Limestone Corp.,* supra, at p. 394: "The doctrine of 'the law of the case' is that, when an appellate court has considered and decided a question submitted to it upon appeal, it will not, upon a subsequent appeal on another phase of the same case, reverse its previous ruling even though convinced that it was erroneous. This rule has been adopted and frequently applied in our own State. It is not, however, inflexible. It does not have the finality of the doctrine of *res judicata.* 'The prior ruling may have been followed as law of the case but there is a difference between such adherence and *res judicata;* one directs discretion, and the other supersedes it and compels judgment. In other words, in one it is a question of power, in the other of submission'; Southern Railway Co. v. Clift, 260 U.S. 316, 319. The rule of 'the law of the case' is one largely of convenience and public policy, both of which are served by stability in judicial decisions, and it must be accommodated to the needs of justice by the discriminating exercise of judicial power."

As I see it, the only question before us is the operation of the Statute of Limitations on the alleged promise which is the basis of this suit. In my opinion under the

pleadings and the proofs, the plaintiff's cause of action arose only upon breach of the defendant's alleged promise. This did not happen until plaintiff's discharge by his doctor and defendant's refusal to honor its promise. That being so, the action was clearly brought within the statutory limit.

Since this is an assumpsit action, the six year statute applies. The promise was not breached until the insurance company, through its agent, said that it would not perform. The question raised in the lower court was whether performance was demanded within a reasonable time. Since under plaintiff's testimony, which the jury believed, Bell said the insurance company would pay him when he was discharged by his doctor, it had no duty to perform until he was discharged. Plaintiff's testimony, again accepted by the jury, was that he was discharged on June 3, 1954. Until that date he had no right to demand performance of the promise. Since he asked for performance later on that very day, the first day when he had the right to do so, the question of reasonable time for demanding performance raises no problem. Defendant's declaration on June 3, 1954, that it would not honor its promise, following plaintiff's demand, matured plaintiff's cause of action, and it is from that date that the statute runs. *Bell v. Brady,* 346 Pa. 666, 31 A. 2d 547 (1943) ; *Morrison's Adm. v. Mullin,* 34 Pa. 12 (1859). Since suit was brought in May, 1959, within six years of June 3, 1954, the date when the right of action became complete, it is not barred by the Statute of Limitations. *Sicola v. First National Bank,* 404 Pa. 18, 170 A. 2d 584 (1961).

My dissent runs only as to the defendant Nationwide Insurance Company. Since this is an assumpsit action, based upon the statement made by Bell as the company's authorized agent, the company only, and not Bell, can be held liable in this action.

ERVIN, J., joins in this dissent.